■ JOSEPH A. RUSKAY, Appellant, v GEORGE F. BENNETT et al., Respondents, et al., Defendants.—Order, Supreme Court, New York County, entered July 17, 1979, which denied plaintiff's motion to add a party defendant and granted the defendants' cross motion to stay all proceedings in the action, modified, on the law, to the extent of vacating the outstanding stay and otherwise affirmed, without costs or disbursements. Joseph A. Ruskay, a shareholder of Commonwealth Oil Refining Company, Inc. (CORCO), brought this stockholder's derivative suit on behalf of the corporation, claiming that the corporate defendants entered into an agreement to deprive CORCO of a corporate opportunity involving investment in a new oil refinery in the Bahamas. It is further claimed that the assets of CORCO were improperly used to insure the success of the new refinery by causing CORCO to purchase the products of the new refinery at prices unfavorable to CORCO. The contract was dated August 21, 1968. The new refinery was operated through a corporation known as Grand Bahama Petroleum Co., Ltd. (Grant Bahama). Plaintiff moved at Special Term for leave to file a supplemental complaint against Grand Bahama for breach of the 1968 contract. The prior complaint does not name Grand Bahama as a defendant. The defendants made a cross motion to stay this action in view of an outstanding order of the United States District Court for the Western District of Texas, which stayed all proceedings against CORCO until further order of that court. Special Term granted a stay of this action and denied

---

plaintiff's motion to amend the complaint to add Grand Bahama as a party defendant. We would modify only to the extent of vacating the stay in this action. We agree with Special Term that the amended complaint states a new cause of action against a defendant who was not a party to the original action, and there was no showing of compliance with subdivision (c) of section 626 of the Business Corporation Law, requiring written demand upon CORCO's directors to start suit against Grand Bahama. However, a stay of this action would be inappropriate, since the Bankruptcy Court stay would not affect a derivative suit which is brought on behalf of stockholders, even though the corporation is a nominal defendant in the action *(Meyer v Fleming,* 327 US 161). The individual defendants, who are directors of CORCO, cannot justify our continuing the stay on the possibility that a finding of liability against them may result in indemnification claims by them against CORCO. The Bankruptcy Court stay is intended to run only to the named corporation and no further (see, e.g., *Matter of Unishops, Inc.,* 494 F2d 689; *Teledyne Inds. v Eon Corp.,* 373 F Supp 191). Concur— Sandler, J. P., Sullivan, Lane and Silverman, JJ.

Bloom, J., dissents in part in a memorandum, as follows: I am in accord with my brethren that the stay of all proceedings ordered by Special Term must be vacated. However, I would go one step further and grant the motion seeking leave to serve a supplemental summons adding Grand Bahama Petroleum Company, Ltd. (PETCO), as a party defendant and requesting leave to serve a further amended complaint. Plaintiff, a stockholder of Commonwealth Oil Refining Company, Inc. (CORCO), brought this action on behalf of CORCO to recover damages claimed to have been suffered by that company as the result of an alleged conspiracy among the director defendants, Standard Oil Company of California (SOCAL), New England Petroleum Corporation (NEPCO), Carey and others. The purported conspiracy envisaged the construction of a multimillion dollar refinery and related facilities on Grand Bahama Island to be owned by PETCO. It is claimed that of prime importance to the success of the project was a favorable, long-term contract assuring a market for the products of the refinery. It is contended that NEPCO, SOCAL and Carey, who was the president and controlling stockholder of NEPCO, as well as director and principal stockholder of CORCO, entered into a conspiracy with other directors of CORCO to deprive CORCO of the opportunity to invest in the new oil refinery. Moreover, it is claimed that they caused it to enter into a long-term agreement with PETCO which was unfavorable to CORCO. It is asserted that as a result of these acts, CORCO suffered substantial damage. CPLR 1003, which deals with nonjoinder and misjoinder of parties, provides that parties may be added by leave of the court at any stage of the proceedings. CPLR 3025 (subd [b]) authorizes the court freely to grant leave to amend pleadings upon such terms as may be just. The basic opposition to the motion is bottomed upon the contention that the amended complaint adds an entirely new dimension in that it alleges a claim for breach of the contract between CORCO and PETCO and that this claim is not encompassed within the formal demand made by plaintiff to the directors of CORCO that they bring suit for the recovery of the damages which resulted from this alleged conspiracy. True it is that the proposed amendment to the complaint alleges that NEPCO, PETCO and Carey breached the agreement with CORCO by increasing the prices for products sold by PETCO to CORCO to a figure in excess of that called for by the contract. However, this is asserted merely as one of the acts committed in furtherance of the alleged conspiracy. No cause of action for breach of contract is set forth. No change

in the nature of the action is effected. No damages are sought specifically allocable to the alleged breach. Thus, the claim sought to be asserted in the further amended complaint is encompassed within the formal demand hitherto made by plaintiff. By consequence, no further formal demand upon the directors of CORCO was necessary. Moreover, the answer of the director defendant, the only answer included in the record on appeal, asserts, as an affirmative defense, that plaintiff has failed to name as defendants, certain indispensible parties, among whom PETCO is included. Finally, there is no showing that prejudice would flow from the amendment of the complaint. While the case is not of recent origin, discovery proceedings have not yet been completed. The ultimate disposition of the cause will not be delayed by the granting of the requested relief. In these circumstances, I would reverse the order entered July 17, 1978, *in toto,* grant the motion for leave to serve a supplemental summons and a further amended complaint and deny the cross motion to stay all proceedings.