## JAMES D. GERSHMAN *v.* VICTOR K. KIAM II ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 071113
WATERBURY

Memorandum filed May 7, 1985

*Robinson & Cole,* for the plaintiff.

*Garvey & Walsh,* for the named defendant.

*Whitman & Ransom,* for the defendants Wells Benrus Corporation et al.

O'BRIEN, J. This is a shareholders' derivative action filed on November 29, 1984, on behalf of the Wells Benrus Corporation pursuant to General Statutes

§ 52-572j. The defendants, who are sued in their individual capacities, are officers and directors or former officers and directors of Wells Benrus. Wells Benrus is a nominal defendant. A motion was filed March 14, 1985, to amend the summons to change the return date to allow for additional time to serve eight of the originally named defendants. Five of the defendants are nonresidents; the plaintiff seeks to serve those defendants by serving the office of the secretary of the state, pursuant to General Statutes § 52-59b (c). The plaintiff requests the court to order Wells Benrus to provide the home address of one former officer defendant.

On January 24, 1985, the defendant Wells Benrus filed a chapter 11 petition for reorganization in the United States Bankruptcy Court for the District of Connecticut, Bridgeport Division. Counsel for the defendant Victor K. Kiam II, who is the former president, former chairman of the board and an alleged "controlling person" of Wells Benrus, and proposed counsel for the bankrupt defendant Wells Benrus argued that the filing of the chapter 11 petition for bankruptcy by Wells Benrus automatically stayed the Superior Court action pursuant to 11 U.S.C. § 362 (a).

The question presently being presented for determination by the court is whether the automatic stay effectuated by the bankruptcy filing applies to this shareholders' derivative suit. The court concludes that it does not. 11 U.S.C. § 362 (a) provides in relevant part: "(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title, or an application filed under section 5 (a) (3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee (a) (3)), operates as a stay, applicable to all entities, of—(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been com-

menced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . ." A "debtor" under the 1978 Bankruptcy Act means "person or municipality concerning which a case under this title has been commenced." 11 U.S.C. § 101 (12).

A New York appellate court vacated the trial court's stay order of a stockholder's derivative suit in behalf of a corporation in bankruptcy. *Ruskay* v. *Bennett*, 73 App. Div. 2d 519, 422 N.Y.S.2d 412 (1979). The *Ruskay* court noted that the corporation filing bankruptcy was a nominal defendant in the derivative suit. The court held, however: "The individual defendants, who are directors of CORCO, cannot justify our continuing the stay on the possibility that a finding of liability against them may result in indemnification claims by them against CORCO. The Bankruptcy Court stay is intended to run only to the named corporation and no further." *Ruskay* v. *Bennett*, supra, 520.

*Ruskay* v. *Bennett*, supra, relies on *Meyer* v. *Fleming*, 327 U.S. 161, 66 S. Ct. 382, 90 L. Ed. 2d 595 (1945). *Meyer* v. *Fleming* discussed stockholder's derivative suits in holding that suits by shareholders to enforce corporate claims should not be abated when the corporation is adjudged a bankrupt or when a receiver is appointed. "The corporation is a necessary party. . . . Hence, it is joined as a defendant. But it is only nominally a defendant, since any judgment obtained against the real defendant runs in its favor. . . . The claim sought to be enforced in a derivative suit may be an important asset of the estate. . . . The provision in § 77 (j) empowering the court to 'enjoin or stay the commencement or continuation of suits against the debtor until after final decree' obviously relates to suits where claims are asserted against the debtor, not where the

debtor is made a nominal defendant for the purpose of obtaining a judgment in its favor." *Meyer* v. *Fleming,* supra, 168 n.17.

The purpose of the stay provisions of the Bankruptcy Act is to protect the debtor from harassment and from frustration of his rehabilitation by prejudicial dismemberment and diminution of his assets during the pendency of the chapter 11 proceeding. *Bohack Corporation* v. *Borden, Inc.,* 599 F.2d 1160, 1167 (2d Cir. 1979). The power of bankruptcy judges to enjoin law suits pursuant to the Bankruptcy Act is confined to actions in which the debtor is a party or in which the debtor's property is directly affected. *Teledyne Industries, Inc.* v. *Eon Corporation,* 401 F. Sup. 729, 734 (S.D.N.Y. 1975). *Teledyne* held that the district court had jurisdiction over an action brought against corporate directors and officers arising out of debt owed by a bankrupt corporation. The court held further that the stay issued by the bankruptcy judge did not apply to the suit against corporate officers and directors personally. Id.

The court concludes that the defendant officers and directors or former officers and directors in the present action are being sued in their individual capacities and that the bankrupt corporation, Wells Benrus, is only a nominal defendant. Applying the reasoning of the cases discussed, the court concludes that the automatic stay provision of 11 U.S.C. § 362 (a) should not apply to this shareholders' derivative action filed by the plaintiff Gershman.

No action is taken by the court at this time regarding the underlying motion to amend the summons in this case and to compel the defendant corporation to provide the home address of a former officer of the corporation. Those actions will have to await another day when counsel can appear and address the issues involved in those questions.