## CITICORP MORTGAGE, INC. *v.* RAJNIKANT S. MEHTA ET AL.
### (14226)

Foti, Schaller and Spear, Js.

Argued September 12—decision released December 19, 1995

*George M. Purtill*, with whom, on the brief, was *R. Richard Croce*, for the appellant (named defendant).

*Edward P. Jurkiewicz*, for the appellee (plaintiff).

SCHALLER, J. The named defendant, Rajnikant S. Mehta,[1] appeals from a deficiency judgment rendered against him. The sole issue is whether the trial court improperly determined that the plaintiff, Citicorp Mortgage, Inc., timely filed its motion for a deficiency judgment pursuant to General Statutes § 49-14 (a).[2] We affirm the judgment of the trial court.

---

[1] On September 1, 1993, Anjana Mehta, the named defendant's wife, who was also a defendant, died. We refer in this opinion to Rajnikant Mehta as the defendant.

[2] General Statutes § 49-14 (a) provides: "At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment. Such motion shall be placed on the short calendar for an evidentiary hearing. Such hearing

The following facts are relevant to the resolution of this appeal. On January 25, 1993, the plaintiff obtained a judgment of strict foreclosure with respect to the defendant's real estate. The trial court found the debt owed to the plaintiff to be $421,027.29. The court set a law day of June 21, 1993, for the owners of the equity of redemption, the defendant and his wife.

On June 18, 1993, three days before the law day, the defendant filed a petition in the United States Bankruptcy Court at Hartford, seeking relief under Chapter 7 of the United States Bankruptcy Code. The filing of the petition in Bankruptcy Court invoked an automatic stay that suspended the running of law days, as well as all other state judicial proceedings against the defendant and his property. See 11 U.S.C. § 362. On June 23, 1993, the plaintiff filed a motion with the Bankruptcy Court requesting relief from the automatic stay. On July 16, 1993, the Bankruptcy Court granted the plaintiff's motion and modified the stay to allow the plaintiff to "proceed with [its] state court foreclosure action against [the defendant's] real property located at 23 Rocco Road, Bolton, Connecticut."

The plaintiff then moved to open the judgment of strict foreclosure against the defendant. The trial court granted the motion and set a new law day of August 23, 1993. When the defendant failed to redeem the property on or before August 23, 1993, title to the property vested in the plaintiff on August 25, 1993.

On September 17, 1993, the defendant filed a motion to dismiss his bankruptcy case, which the Bankruptcy

shall be held not less than fifteen days following the filing of the motion, except as the court may otherwise order. At such hearing the court shall hear the evidence, establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim. The plaintiff in any further action upon the debt, note or obligation, shall recover only the amount of such judgment."

Court granted on October 22, 1993. On November 5, 1993, the plaintiff filed a motion for a deficiency judgment against the defendant. On September 9, 1994, the trial court rejected the defendant's objection that the plaintiff's motion was untimely. The trial court rendered a deficiency judgment in the amount of $161,611 against the defendant on November 14, 1994.

The defendant claims on appeal that the trial court improperly determined that the plaintiff timely filed the motion for a deficiency judgment pursuant to § 49-14 (a). The defendant initially challenges the trial court's determination that the plaintiff was not clearly and unambiguously authorized to move for a deficiency judgment while the automatic stay from the Bankruptcy Court was in effect. The defendant argues that because the plaintiff had the authority to move for a deficiency judgment, the plaintiff should have done so within thirty days of the date title vested in the plaintiff, notwithstanding the fact that the automatic stay was still in effect. The defendant asserts that the thirty day time limit provided by the deficiency statute began to run on August 25, 1993, the date on which title to the subject property vested in the plaintiff, and expired thirty days later on September 24, 1993. The defendant claims that the plaintiff's motion for a deficiency judgment should have been denied because it was not filed "within 30 days after the time limited for redemption has expired" pursuant to § 49-14 (a). According to the defendant, the plaintiff's failure to file within this time period should have precluded the plaintiff from obtaining a deficiency judgment.

The defendant's argument is based on the premise that the plaintiff could have moved for a deficiency judgment while the automatic stay was in effect because the plaintiff had successfully obtained a modification of the automatic stay pursuant to 11 U.S.C. § 362 (c). The defendant argues that the modification of the stay,

which allowed the plaintiff to continue with the strict foreclosure, also authorized the plaintiff to move for a deficiency judgment because both proceedings are part of the same judicial action under Connecticut law. The plaintiff responds that the modification of the automatic stay did not clearly and unambiguously authorize it to file a motion for a deficiency judgment and that doing so could have subjected it to sanctions from the Bankruptcy Court.

We must determine whether the Bankruptcy Court order modifying the automatic stay obtained by the plaintiff clearly and unambiguously authorized the plaintiff to move for a deficiency judgment. If the order clearly and unambiguously authorized the plaintiff to proceed with its motion, then the plaintiff's motion for a deficiency judgment was untimely. If the order did not clearly and unambiguously authorize the plaintiff to proceed with the deficiency judgment, however, then 11 U.S.C. § 108 (c)[3] is implicated and tolls § 49-14 (a). Our analysis of this issue includes examination of the automatic stay provision under the Bankruptcy Code, as well as the nature of a deficiency judgment proceeding under state law.

The automatic stay is " 'one of the fundamental debtor protections provided by the bankruptcy laws.' " *Midlantic National Bank* v. *New Jersey Dept. of Environmental Protection*, 474 U.S. 494, 503, 106 S. Ct. 755, 88 L. Ed. 2d 859 (1986). "When a bankruptcy petition is filed, § 362 (a) of the Bankruptcy Code provides an

---

[3] 11 U.S.C. § 108 (c) provides in pertinent part: "[I]f applicable nonbankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 30 days after notice of the termination or expiration of the stay . . . ."

automatic stay of, among other things, actions taken to realize the value of collateral given by the debtor." *United Savings Assn. of Texas* v. *Timbers of Inwood Forrest Associates, Ltd.*, 484 U.S. 365, 369, 108 S. Ct. 626, 98 L. Ed. 2d (1988). The filing of a petition in bankruptcy operates as a stay of "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case." 11 U.S.C. § 362 (a) (1).

A creditor, however, may obtain relief from a stay in bankruptcy under certain circumstances. Section 362 (d) authorizes the Bankruptcy Court, on request of a party in interest, to grant relief from the automatic stay "(1) for cause, including the lack of adequate protection of an interest in property of such [a] party in interest" or "(2) with respect to a stay of an act against property . . . (A) if the debtor does not have an equity in such property . . . ." 11 U.S.C. § 362 (d). Under § 362 (d), the Bankruptcy Court is authorized to grant relief from the stay for cause by terminating, annulling, modifying, or conditioning the stay.

In this case, the defendant filed a bankruptcy petition, which invoked the automatic stay. The plaintiff's subsequent motion for relief from the stay to proceed with its strict foreclosure action cited as bases for the proposed modification, inter alia, the defendant's lack of equity in the subject property and the defendant's failure to protect the plaintiff's interest in the property adequately. The Bankruptcy Court granted the motion, modifying the stay to allow the plaintiff to "proceed with [its] state court foreclosure action against [the defendant's] real property located at 23 Rocco Road, Bolton, Connecticut."

The terms of an order modifying an automatic stay must be strictly construed because a stay under § 362

"freezes in place" all proceedings against the debtor and his property. *Casperone* v. *Landmark Oil & Gas Corp.*, 819 F.2d 112, 114 (5th Cir. 1987). In *Casperone*, the court held that "[b]ecause a section 362 stay freezes in place all proceedings against the debtor, and because only an order of the bankruptcy court can authorize any further progress in the stayed proceedings, it follows that the continuation of any proceeding can derive legitimacy only from the bankruptcy court order. The terms of an order modifying the automatic stay must therefore be strictly construed." Id.

This interpretation of the automatic stay is consistent with and, indeed, facilitates the purposes and policy underlying the automatic stay. Our Supreme Court has stated that the automatic stay provides "a sanctuary from the jungle of creditors' pursuit of their individualistic collection efforts in order to safeguard [t]he primary function of the bankruptcy system . . . to continue the law-based orderliness of the open credit economy in the event of a debtor's inability or unwillingness generally to pay his debts." (Citations omitted; internal quotation marks omitted.) *Bridgeport* v. *Debek*, 210 Conn. 175, 185, 554 A.2d 728 (1989). It is manifest that the automatic stay is "one of the fundamental debtor protections provided by the bankruptcy laws." H.R. Rep. No. 95-595 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 5963, 6296–97; *In re Virginia Hill Partners I*, 110 B.R. 84, 86 (N.D. Ga. 1989).

In the present case, a strict construction of the order's language yields only one conclusion. The order explicitly allowed the plaintiff to "proceed with [its] state court foreclosure action against [the defendant's] real property." The order neither addresses nor refers to a deficiency proceeding; it mentions only a foreclosure action against the real property of the debtor. We cannot ignore the qualifying language used by the Bankruptcy

Court, as the defendant suggests. The Bankruptcy Court clearly and unambiguously authorized the plaintiff to proceed only with its strict foreclosure action.[4]

The defendant nevertheless argues that an action of strict foreclosure and a motion for a deficiency judgment are parts of the same judicial proceeding, and that it follows that the modification of the stay that authorized the debtor to proceed with its foreclosure action implicitly included authorization to move for a deficiency judgment. We believe that, for this purpose, the two proceedings are sufficiently separate.

The deficiency judgment motion, "although procedurally a part of the foreclosure action, serves the separate function of providing for recovery on the balance of the note which was not satisfied by the strict foreclosure." *Maresca* v. *DeMatteo*, 6 Conn. App. 691, 696, 506 A.2d 1096 (1986). Moreover, a plaintiff in a foreclosure action who intends to seek a deficiency judgment under § 49-14 must allege facts that not only are sufficient to justify the decree of foreclosure on the mortgage, but to support "a judgment in personam against the particular defendant or defendants against whom a deficiency judgment will be sought." *Bank of Stamford* v. *Alaimo*, 31 Conn. App. 1, 5, 622 A.2d 1057 (1993).

We stated in *Federal Deposit Ins. Corp.* v. *Retirement Management Group, Inc.*, 31 Conn. App. 80, 86, 623 A.2d 517 (1993), that "[t]he proceedings on a motion for a deficiency judgment . . . do not implicate the integrity of the prior, final judgment of strict foreclo-

[4] See *In re Virginia Hill Partners I,* supra, 110 B.R. 87, which held, on similar facts, that "[o]rdinarily, stay relief to permit foreclosure, without more, carries no presumption that foreclosure confirmation proceedings or actions for a deficiency are also authorized. To the contrary, unless the stay relief order clearly provides otherwise, the determination and allowance of claims, deficiency or otherwise, against the debtor or its estate in the pending bankruptcy case remain within the exclusive jurisdiction of the bankruptcy court."

sure." Furthermore, as the trial court in the present case noted, strict foreclosure "is a common-law, non-statutory process upon which § 49-14 depends, but from which it is separate." *Society for Savings* v. *Chestnut Estates, Inc.*, 176 Conn. 563, 568, 409 A.2d 1020 (1979); see also *Federal Deposit Ins. Corp.* v. *Hillcrest Associates*, 233 Conn. 153, 172, 659 A.2d 138 (1995). We conclude, therefore, that for the purposes of construing the Bankruptcy Court's order, a motion for a deficiency judgment is separable from a strict foreclosure proceeding, and that the Bankruptcy Court order did not include implicit authorization for the plaintiff to proceed with a motion for a deficiency judgment.

The defendant contended at oral argument that, at the very least, the plaintiff should have filed its motion for deficiency judgment, even if the plaintiff could not have had that judgment enforced due to the bankruptcy proceedings. We disagree. Section 362 of the Bankruptcy Code stays any and all postpetition filing. Any filing constitutes a judicial act directed toward the disposition of the case in violation of the automatic stay. *In re Carter*, 131 B.R. 4, 5 (D. Conn. 1991). "The stay of section 362 is extremely broad in scope and . . . should apply to almost any type of formal or informal action against the debtor or the [debtor's] property . . . ." 2 W. Collier, Bankruptcy (15th Ed. 1979) § 362.04. As we have stated, the Bankruptcy Court order did not clearly and unambiguously authorize the plaintiff to proceed with a deficiency judgment. If the plaintiff had elected, therefore, to pursue the deficiency judgment procedure under the statute and rules of practice then the defendant could have interposed and pursued a colorable claim that the automatic stay had thereby been violated.[5]

---

[5] The defendant notes, in support of his position, that the plaintiff sought and obtained an execution of ejectment. The defendant reasons that, if the plaintiff was not entitled to move for a deficiency judgment, then the execution of ejectment was not properly granted. Because this argument, raised

Although we have concluded that the plaintiff did not have authority to move for a deficiency judgment, our analysis cannot end there. The issue still to be determined is whether the plaintiff timely filed pursuant to § 49-14 (a). Although without the bankruptcy petition the statute would have been violated because the plaintiff did not file the motion for a deficiency judgment within thirty days of the title's vesting in the plaintiff, § 49-14 had been tolled pursuant to Bankruptcy Code § 108 (c)[6] until thirty days following the termination of the bankruptcy proceeding on October 22, 1993. Providing that its conditions are met, § 108 (c) extends statutory enforcement periods, including statutes of limitations, that are set forth in nonbankruptcy law, whatever that law may be. See, e.g., *In re Hunters Run Ltd. Partnership*, 875 F.2d 1425 (9th Cir. 1989).

The Bankruptcy Court dismissed the defendant's bankruptcy case on October 22, 1993. The dismissal of the defendant's case terminated the automatic stay. Section 362 (c) (2) provides that the stay under § 362 (a) of an action other than an action against property of the estate "continues until the earliest of (A) the time the case is closed; (B) the time the case is dismissed; or (C) if the case is a case under Chapter 7 . . . concerning an individual . . . the time a discharge is granted or denied." The October 22, 1993 dismissal was the earliest of the three events prescribed by § 362 (c) (2). The plaintiff filed its motion for a deficiency judgment on November 5, 1993, well within the time allotted by the tolled statute. We conclude that the trial court properly determined that the motion for deficiency judgment was timely filed.

The judgment is affirmed.

In this opinion the other judges concurred.

by analogy, was not before the trial court, we decline to address it. See *State* v. *Zollo*, 36 Conn. App. 718, 726, 654 A.2d 359 (1995).

[6] See footnote 3.