[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE(DOCKET ENTRY NO. 173), MOTION TO DISMISS/STRIKE(DOCKET ENTRY NO. 183) AND REQUEST TO AMEND (DOCKET ENTRY NO. 188)
MOTION TO AMEND
 A.
Through its proposed amended complaint the plaintiff seeks to transform a shareholders' derivative action into a direct action. Counts two, three and four of the original complaint all seek to impose liability upon the defendants based upon a finding of liability in the underlying federal class action lawsuits. In the proposed amended complaint, the plaintiff has omitted its claim for indemnification/contribution from the individual defendants (count two, original complaint). However, the plaintiff still alleges two counts against Arthur Andersen (formerly counts three and four of the original complaint, now counts two and three of the proposed amended complaint). The plaintiff, however, changes the basis of liability alleged in those counts from that which derives from the underlying federal class action suits to CT Page 1285 liability for all losses suffered by Citytrust. As a consequence, counts two and three of the proposed amended complaint now involve different sets of facts and different bases of liability than counts three and four of the original complaint.
The matter is complicated further because the acts alleged occurred in 1987 and because there is no relation back on a new cause of action, Sharp v. Mitchell, 209 Conn. 59 (1988), numerous statutes of limitations become implicated. All of this would restart the pleading and discovery process with its attendant delay and would work a grave injustice on the defendants who have been waiting for a trial since 1990 to vindicate their conduct.
At oral argument, the defendants informed the court that they have been prejudiced by delay because one of their key witnesses, a former bank officer, has died thus making discovery on the proposed amended complaint very difficult, if not impossible.
 B.
The court is persuaded that under the particular facts of this case the automatic stay afforded under 11 U.S.C. § 362 (a) is inapplicable. Gershman v. Kiam, 40 Conn. Sup. 327, 330 (1985). The fact that one or more parties may have acted as if the stay applied is unavailing to the plaintiff. Nor are this court's prior actions in denying a P.B. § 251 motion to dismiss and in granting a motion to open a default either controlling or compelling for the simple reason that both motions directly involve the plaintiff's right to have his day in court, which is not the case with a motion to amend.
The motion for leave to amend the complaint is denied.
MOTION TO STRIKE (INCLUDING NO. 183 "MOTION TO DISMISS")
This court adopts the analysis made and result reached inNoble v. Baum, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 265920 (May 17, 1991, Nigro, J.). The case is applicable because the allegations in that case as to the futility of demand are identical to the allegations contained in the complaint in this case.
The plaintiff argues that substitution of the trustee of the Creditors Trust as a plaintiff changes the prevailing facts and circumstances and obviates the need for demand on the directors CT Page 1286 and therefore demand is excused. The plaintiff urges these changed conditions upon the court through statements made in his brief and at oral argument. Substitution of the trustee as plaintiff in and by itself makes no change whatsoever in the allegations of the complaint. On a motion to strike, the court is limited to and is controlled by the facts which are contained in the complaint itself. The court is not permitted to utilize extrinsic facts which the parties seek to import into the case through the vehicles of their briefs and arguments. Ryan v.Knights of Columbus, 82 Conn. 91 (1909).
The motion to strike is granted.
MOTTOLESE, J.