[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The present case arises from a prejudgment remedy application filed by the plaintiff, Walden Printing Graphics, against the defendants, Frank Fatta, Thomas Fatta and Noreen Fatta, all doing business as Fatta Design Group, Inc., and Fatta Design Group, Inc. (Fatta Design). The plaintiff sought a prejudgment remedy attachment in the amount of $40,100, on the ground that the defendants purchased goods and services from the plaintiff between August 30, 1996 to the present. The application alleges that the plaintiff provided printing services in the principal amount of $28,341.10, plus statutory interest from December 22, 1998 to the present.
Following a hearing on May 22, 2000, this court entered an order that CT Page 11956 the disclosure of the assets of defendants Thomas and Frank Fatta, be made within two weeks of the order and further that they transfer no property or assets of which they have equitable or legal interest including custodial accounts for their children, anything they hold in the way of debt, payment to them, debts paid out, other than to meet their normal household obligations until further order of the court.
The question raised at the hearing on May 22, 2000, was whether the court can make a determination whether the case involves a defacto corporation or whether the defendants were proceeding de jure as individuals. (Transcript, May 22, 2000, p. 3-4.) The defendants Noreen Fatta and Fatta Design Group, Inc. have gone into bankruptcy. (Tr. May 22, 2000. p. 13.) This court stated, "[a]nything against the corporation is now stayed. There's no order [the court] can make with regard to the corporation. What the corporation does is in the hands of the bankruptcy court. . . . The only persons within [the court's] jurisdiction are Thomas Fatta and Frank Fatta." (Tr., May 22, 2000, p. 18.)
On August 1, 2000, the plaintiff served the defendant, Noreen Fatta, with a subpoena duces tecum to appear on September 8, 2000 to testify regarding the present action. The subpoena ordered Noreen Fatta to produce: records of Fatta Design, pertaining to assets and liabilities of the corporation within the past year; all checks for the last six months of Noreen Fatta and Fatta Design; documents evidencing expenses and source of payment for expenses for Noreen Fatta and Fatta Design for the last six months; and all documents evidencing assets and liabilities of Noreen Fatta within the last year.
The defendants filed the present objection to plaintiffs subpoena duces tecum on September 8, 2000. The defendant objects to the subpoena served on defendant Noreen Fatta on the ground that the request is irrelevant to the issue of whether or not Fatta Design Group is a defacto corporation and that she has been discharged by the bankruptcy court by order dated August 29, 2000. (Defendant's Exhibit B.)
A. Automatic Bankruptcy Stay
"The filing of a petition in bankruptcy operates as a stay of `the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case. . . .'" Knutson Mortgage Corp. v. Salata,55 Conn. App. 784, 787, 740 A.2d 918 (1999), citing 11 U.S.C. § 362
(a)(1).
"The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws . . . The Bankruptcy Court, however, is CT Page 11957 authorized to grant a creditor relief from the stay for cause by terminating, annulling, modifying, or conditioning the stay. . . . The terms of an order modifying an automatic stay must be strictly construed because a stay under § 362 [of the Bankruptcy Code] freezes in place all proceedings against the debtor and his property. . . . [B]ecause a section 362 stay freezes in place all proceedings against the debtor, and because only an order of the bankruptcy court can authorize any further progress in the stayed proceedings, it follows that the continuation of any proceeding can derive legitimacy only from the bankruptcy court order. The terms of an order modifying the automatic stay must therefore be strictly construed." (Citations omitted; internal quotation marks omitted.) New Milford Savings Bank v. Jajer, 52 Conn. App. 69, 74,726 A.2d 604 (1999).
"As a general rule, the filing of a . . . bankruptcy petition does not enjoin litigation against nondebtors." Burritt InterfinancialBancorporation v. Wood, 33 Conn. App. 401, 404, 635 A.2d 879 (1994); see also G. Ishii-Chang, Litigation and Bankruptcy: The dilemma of the Codefendant Stay, 63 Am.Bank.L.J. 257 (1989). "There is, however, limited authority for extending the stay to a nondebtor in special circumstances." Metro Bulletins Corporation v. Soboleski,30 Conn. App. 493, 496, 620 A.2d 1314 (1993). "Where . . . there is such an identity between a debtor and a non-debtor that a judgment against the non-debtor would be binding upon the debtor the debtor's protection must be extended to enjoin litigation against the nondebtor." Vernes v. StateStreet Mortgage Co., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 033966 (May 18, 1993, Flynn, J.) "To benefit from such extension of the stay, the nondebtor must move for the extension in bankruptcy court. . . . It is well established that a case against a bankrupt debtor and a nonbankrupt debtor, although stayed against the bankrupt debtor, may nevertheless proceed against the nonbankrupt debtor." Burritt Interfinancial Bancorporation v. Wood, supra33 Conn. App. 404-05.
In this case, the question is whether or not the court can make a finding that the defendant, Fatta Design Group, Inc. is a defacto corporation. The automatic stay provision of 11 U.S.C. § 362 freezes in place all proceedings against the debtor and only the bankruptcy court can authorize any further progress in stayed proceedings. See New MilfordSavings Bank v. Jajer, supra 52 Conn. App. 74. In Gershman v. Kiam,40 Conn. Sup. 327, 330, 498 A.2d 512 (1985), the court held that11 U.S.C. § 362, does not apply to officers and directors in their individual capacity, where the defendant corporation is a nominal defendant in a shareholder's derivative action. In this case, however, although there is an identity between the non-debtor defendants and the debtor corporation, no party has moved for a modification of the CT Page 11958 automatic stay pursuant to 11 U.S.C. § 362. See Citicorp Mortgage,Inc. v. Metha, 39 Conn. App. 822, 825, 668 A.2d 729 (1995);11 U.S.C. § 362 (c). Accordingly, absent authority from the bankruptcy court, the court declines to make a finding whether or not the debtor corporation is a defacto corporation.
B. Objection to Plaintiff's Subpoena Duces Tecum
Practice Book § 13-28 provides, in relevant part, "the court in the judicial district wherein the subpoenaed person resides, may, upon motion made promptly, and in any event, at or before the time for compliance specified in a subpoena . . . (1) quash or modify the subpoena if it is unreasonable and oppressive or if it seeks the production of materials not subject to production under the provisions of subsection (c) of this section . . ." Practice Book § 13-28(e).
The defendant objects to the subpoena served on defendant Noreen Fatta on the ground that the request is irrelevant to the issue whether or not Fatta Design is a defacto corporation; that Noreen Fatta has been discharged in bankruptcy court; and that the request is unnecessary because the plaintiff has requested an evidentiary asset hearing of Fatta Design in federal bankruptcy court. The plaintiff has not filed a reply memorandum.
In this case, the subpoena seeks the production of records of Fatta Design, checks and expenses for Noreen Fatta and Fatta Design for the last six months, and all assets and liabilities for Noreen Fatta within the last year. The subpoena on Noreen Fatta seeks production of documents relating to the defendant debtor corporation which is subject to the automatic bankruptcy stay provision, 11 U.S.C. § 362. A continuation of such proceedings requires an order from the bankruptcy court. See NewMilford Savings Bank v. Jajer, supra, 52 Conn. App. 74. Accordingly, the defendant's objection to plaintiff's subpoena duces tecum is sustained.
 ___________________, J. SANDRA VILARDI LEHENY