******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ALVORD, J., concurring in part and dissenting in part.
I agree with the facts as stated in the majority opinion.
I also agree that the trial court improperly rendered
summary judgment in favor of the substitute plaintiff,
Bellmore Partners, Inc.[1] I write separately, however,
because I disagree with the majority's conclusion that
the order of the United States Bankruptcy Court for
the District of Connecticut was clear and unambiguous
and, accordingly, with the majority's direction on
remand.

"Practice Book [§ 17-49] provides that summary judg-
ment shall be rendered forthwith if the pleadings, affida-
vits and any other proof submitted show that there is
no genuine issue as to any material fact and that the
moving party is entitled to judgment as a matter of law.
. . . In deciding a motion for summary judgment, the
trial court must view the evidence in the light most
favorable to the nonmoving party. . . . The party seek-
ing summary judgment has the burden of showing the
absence of any genuine issue [of] material facts which,
under applicable principles of substantive law, entitle
him to a judgment as a matter of law . . . and the party
opposing such a motion must provide an evidentiary
foundation to demonstrate the existence of a genuine
issue of material fact. . . . [T]he scope of our review
of the trial court's decision to grant the [plaintiff's]
motion for summary judgment is plenary." (Internal
quotation marks omitted.) *Mierzejewski* v. *Brownell*,
152 Conn. App. 69, 78–79, 97 A.3d 61 (2014).

On appeal, the claim by the defendant Professional
Services Group, Inc., is that the court improperly ren-
dered summary judgment because a genuine issue of
material fact exists with respect to the validity of the
defendant's mechanic's lien. As both parties recognize,
the pivotal issues in this appeal concern the scope of
the April 12, 2012 Bankruptcy Court order and the trial
court's interpretation of that order. The order, by its
express terms, granted "limited relief . . . ." Further,
as stated by the Bankruptcy Court and as acknowledged
by the parties, the order entered at the request of the
parties; the parties stipulated to the terms of the order.
The record does not contain a copy of the parties' stipu-
lation, if one exists; further, the record is devoid of a
copy of the transcript of the bankruptcy proceeding at
which the stipulation was discussed and accepted by
the Bankruptcy Court.

The following legal principles and standard of review
are applicable. "The automatic stay is one of the funda-
mental debtor protections provided by the bankruptcy
laws. . . . The filing of a petition in bankruptcy oper-
ates as a stay of the commencement or continuation

. . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case. 11 U.S.C. § 362 (a) (1).

"A creditor, however, may obtain relief from a stay in bankruptcy under certain circumstances. Section 362 (d) authorizes the Bankruptcy Court, on request of a party in interest, to grant relief from the automatic stay (1) for cause, including the lack of adequate protection of an interest in property of such [a] party in interest or (2) with respect to a stay of an act against property . . . (A) if the debtor does not have an equity in such property . . . . 11 U.S.C. § 362 (d). Under § 362 (d), the Bankruptcy Court is authorized to grant relief from the stay for cause by terminating, annulling, modifying, or conditioning the stay." (Citations omitted; internal quotation marks omitted.) *Citicorp Mortgage, Inc.* v. *Mehta*, 39 Conn. App. 822, 826–27, 668 A.2d 729 (1995).

"The terms of an order modifying an automatic stay must be strictly construed because a stay under § 362 freezes in place all proceedings against the debtor and his property. . . . In *Casperone* [v. *Landmark Oil & Gas Corp.*, 819 F.2d 112 (5th Cir. 1987)], the court held that [b]ecause a section 362 stay freezes in place all proceedings against the debtor, and because only an order of the bankruptcy court can authorize any further progress in the stayed proceedings, it follows that the continuation of any proceeding can derive legitimacy only from the bankruptcy court order. The terms of an order modifying the automatic stay must therefore be strictly construed."[2] (Internal quotation marks omitted.) Id., 827–28.

Significantly, the interpretation of the Bankruptcy Court order in the present case involves the consideration of an additional component, namely, that the parties requested the order and stipulated to its terms. "A stipulated agreement is in the nature of a contract." *Ridgefield* v. *Eppoliti Realty Co.*, 71 Conn. App. 321, 338, 801 A.2d 902, cert. denied, 261 Conn. 933, 806 A.2d 1070 (2002). "A judgment rendered in accordance with the stipulation of the parties is to be construed and regarded as a binding contract. . . . Construction of such an agreement is an issue of fact to be resolved by the trial court as the trier of fact . . . . The construction and interpretation of the agreement necessarily depends upon the intent of the parties as manifested by the language of the agreement. . . . Where the language of the agreement is unclear, the trier of fact must look to other factors to determine the parties' intention." (Citation omitted; internal quotation marks omitted.) Id., 328–29. "[I]f there is definitive contract language, the determination of what the parties intended by their . . . commitments is a question of law [over which our review is plenary]." (Internal quotation marks omitted.) *Giordano* v. *Giordano*, 153 Conn.

App. 343, 353, 101 A.3d 327 (2014).

The plaintiff argues that the language in the order that "allow[s] the parties to move forward with proceedings in Connecticut Superior Court as to the extent, validity and priority of the [defendant's] Mechanic's Lien" further authorizes the defendant to proceed with an action against the debtor to foreclose that lien. The plaintiff reasons that in order for the defendant's mechanic's lien to be valid, General Statutes § 49-39 requires such an action to be brought within one year of the recording of the lien in the land records. Otherwise, pursuant to the provisions of § 49-39, the mechanic's lien becomes invalid and is discharged as a matter of law. The institution of the action to foreclose, the plaintiff reasons, is therefore essential to the determination of the validity of the lien. The plaintiff claims that the order is "clear and unambiguous" and that it was properly interpreted by the trial court.

The defendant offers a different interpretation of the order. As previously discussed in this opinion, the defendant claims that the parties intended to, in effect, conduct the adversary proceeding, which could have taken place in the Bankruptcy Court, in the Superior Court instead. Relying on discovery, the parties could produce their evidence and have the court in the pending foreclosure action determine the priority of the liens. The defendant's counsel argued to the trial court, in an offer of proof, that evidence would be presented "related to the services, or construction services provided to the project, that the services predate the mortgage, and that the priority thus relates back to the first day of services and that they were in the amount of three hundred and fifteen thousand [dollars] . . . . [T]hat would be what would have happened at an adversary proceeding in federal court. . . . [T]hen the matter goes back to Bankruptcy Court for further proceedings under the plan . . . ." The parties do not dispute that the bankruptcy case remains pending.

I conclude that the intent of the parties, in stipulating to the terms in the Bankruptcy Court order, is not clear and unambiguous.[3] The defendant, at this stage of the proceedings, has offered a reasonable interpretation of the order. The plaintiff also has offered a reasonable interpretation of the order. "If the language of the contract is susceptible to more than one reasonable interpretation, the contract is ambiguous." (Internal quotation marks omitted.) *McCarthy* v. *Custom Design Services, Inc.*, 126 Conn. App. 274, 281–82, 11 A.3d 1094 (2011). Because this is a summary judgment proceeding and the order modifying the automatic stay must be strictly construed, the trial court improperly determined that the language in the order permitted but one reasonable interpretation. The summary judgment should not have been rendered because a genuine issue of material fact exists with respect to the validity of

the defendant's mechanic's lien.

For these reasons, I would reverse the judgment and remand the case for further proceedings according to law.

[1] I also agree with the majority that the trial court properly concluded that the doctrine of collateral estoppel was not applicable in the present case.

[2] In *Citicorp Mortgage, Inc.* v. *Mehta*, supra, 39 Conn. App. 822, the Bankruptcy Court granted relief from the stay that allowed the plaintiff to "proceed with [its] state court foreclosure action against [the defendant's] real property . . . ." (Internal quotation marks omitted.) Id., 824. This court concluded that the Bankruptcy Court order did not permit the plaintiff also to seek a deficiency judgment because "the order neither addresse[d] nor refer[red] to a deficiency proceeding; it mention[ed] only a foreclosure action against the real property of the debtor." Id., 828. This court rejected the plaintiff's argument that the order "implicitly included authorization to move for a deficiency judgment." Id., 829.

[3] It is clear to me that the trial court, at least initially, also found the order to be ambiguous. At the January 13, 2014 status conference held on the record, the court stated: "By way of introduction, this is a case which is very, very clear, or, on the other hand, confusing. When I initially reviewed these papers, after I got the transcripts, my initial reaction was that maybe this case should be returned to Judge Shiff to get clarification regarding his ruling on, I think it was, April 12, 2012, but then I reviewed the papers this morning very carefully, and it seemed to me that Judge Shiff's order referring this—giving it—granting relief from the stay, together with his order for the parties to resolve the foreclosure lien in the Connecticut court was clear to me."

At the end of the status conference, the court, after having heard further argument from counsel, again gave the parties the opportunity to seek clarification from Judge Shiff as to the meaning of the Bankruptcy Court order. The court asked: "How long would it take to get a clarification from Judge Shiff regarding his order?" The court then provided its interpretation of Judge Shiff's order and stated: "If you'd like to file a motion with Judge Shiff clarifying his order, or asking whether he agrees with me or not, I'll give you two weeks to do so."

---