CARMELO RIVERA *v.* SAINT FRANCIS HOSPITAL
AND MEDICAL CENTER ET AL.
(AC 16976)

Foti, Spear and Dupont, Js.

Argued February 26—officially released October 26, 1999

*Louis B. Blumenfeld,* with whom, on the brief was *William J. Scully,* for the appellants (named defendant et al.).

*David W. Bush,* for the appellee (plaintiff).

*Opinion*

SPEAR, J. Two of the defendants appeal from the judgment of the trial court, rendered after a jury trial, in favor of the plaintiff on his medical malpractice

claim.[1] The defendants' principal claim is that the court, relying on General Statutes § 51-241,[2] improperly limited the defendants to a total of four peremptory challenges on the ground that they had a unity of interest. The defendants also claim that the court improperly precluded certain evidence regarding the plaintiff's felony record. We agree that the court improperly limited the number of challenges and reverse the judgment and remand this case for a new trial.[3]

The following facts and procedural history are relevant to this appeal. In June, 1992, the plaintiff, Carmelo Rivera, brought a medical malpractice action against Saint Francis Hospital and Medical Center (Saint Francis) and thirteen physicians, alleging various acts of malpractice from September, 1985, through January, 1991. Several months after filing the complaint, the plaintiff withdrew the action against ten of the physicians. The plaintiff proceeded to trial against Saint Francis and three physicians, Timothy Sherry, Lori Greenwald and Greg Lareau.

Prior to the commencement of jury selection, the defendants requested four peremptory challenges for

---

[1] The plaintiff withdrew his claim against one defendant, Greg Lareau, prior to the verdict, and the jury returned a verdict in favor of another defendant, Timothy Sherry. The defendants on appeal are Saint Francis Hospital and Medical Center and Lori Greenwald.

[2] General Statutes § 51-241 provides: "On the trial of any civil action to a jury, each party may challenge peremptorily three jurors. Where the court determines a unity of interest exists, several plaintiffs or several defendants may be considered as a single party for the purpose of making challenges, or the court may allow additional peremptory challenges and permit them to be exercised separately or jointly. For the purposes of this section, a 'unity of interest' means that the interests of the several plaintiffs or of the several defendants are substantially similar."

[3] We decline to review the defendants' claim that they were literally "ambushed" by the introduction of certain department of correction records during trial that had not been disclosed previously. Obviously, the defendants now have an opportunity to prepare for the introduction of those records before a new trial is held. Therefore, this claim will not arise in the new trial.

each of the four defendants. The court denied the request for the reasons that "the interests of the defendants were fundamentally congruent; they were all represented by the same lawyer and there were no cross claims against each other. Accordingly, [the trial court] found that there was a unity of interest."

The plaintiff withdrew the claims against the defendant Lareau prior to the verdict. The jury returned a verdict in favor of the defendant Sherry and against the defendants Greenwald and Saint Francis. This appeal followed.

I

The plaintiff first claims that the record is not adequate to review the defendants' claim that the trial court improperly limited the number of peremptory challenges available to the defendants. The plaintiff claims that the court's reasoning is simply conclusory and does not reveal the basis for its decision. We disagree.

It is axiomatic that the appellant has the burden of providing a record that is adequate for review. Practice Book § 4007, now § 61-10. We conclude that the record is adequate because we are able to discern the basis for the court's decision. Accordingly, we will review the defendants' claim.

Two cases from this court govern the resolution of this issue, *Glass* v. *Peter Mitchell Construction Leasing & Development Corp.*, 50 Conn. App. 539, 718 A.2d 79, cert. granted, 247 Conn. 938, 723 A.2d 317 (1998) (appeal withdrawn July 6, 1999), and *Beach* v. *Regional School District Number 13*, 42 Conn. App. 542, 682 A.2d 118, cert. denied, 239 Conn. 939, 684 A.2d 710 (1996). "[T]he decision of whether parties share a unity of interest lies in the trial court's discretion. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of

the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Citation omitted; internal quotation marks omitted.) *Glass* v. *Peter Mitchell Construction Leasing & Development Corp.*, supra, 543. "Discretion means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . It goes without saying that the term abuse of discretion does not imply a bad motive or wrong purpose but merely means that the ruling appears to have been made on untenable grounds." (Internal quotation marks omitted.) *Turk* v. *Silberstein*, 48 Conn. App. 223, 225–26, 709 A.2d 578 (1998). We conclude that the court acted improperly because the interests of the several defendants were not substantially similar and, therefore, there was no unity of interest.

The plaintiff claims that there were no independent legal claims against Saint Francis and that the hospital was sued only under the doctrine of respondeat superior. This is so. The defendant physicians, however, were not agents or servants of each other. They were all employed by Saint Francis, but there was no unity of interest among or between them.

"Because the unity of interest issue was one of first impression for the *Beach* court . . . that court examined the legislative history of § 51-241 and found specific examples of where there may be substantially similar interests among parties. These examples included (1) the interest of an agent and principal, when agency is not denied, (2) the interest of a motor vehicle driver and motor vehicle owner when permission to use the vehicle is not in dispute, (3) where multiple plaintiffs were passengers injured in the same motor vehicle accident and (4) in an instance of respondeat superior where the employer is liable for the employee's negligent activities. The legislative history cited by the

*Beach* court also discusses an example involving an instance of medical malpractice, in which no unity of interest could be found because there were separate issues of liability for the hospital and the medical professionals involved." (Citation omitted.) *Glass* v. *Peter Mitchell Construction Leasing & Development Corp.*, supra, 50 Conn. App. 545–46. We conclude that there are separate issues of liability for each of the physician defendants and, therefore, there is no unity of interest among them.

The plaintiff underwent surgery at Saint Francis in September, 1985, May, 1990, November, 1990, and January, 1991. There was no surgical procedure in which all three physicians were allegedly involved. Sherry was the only one of the three physicians who was involved in the 1985 surgery. Sherry and Greenwald were involved in the May, 1990 surgery, in which Lareau was not a participant. Greenwald and Lareau participated in the November, 1990 surgery. Sherry was not involved in the 1991 surgery, although Greenwald and Lareau participated.

The plaintiff argues that the claims against each physician are identical, the defenses are identical and the same attorney represented all four defendants. We first note that the claims are not identical because of the differing dates on which each physician was allegedly involved in surgery. Moreover, in *Beach* we stated, "The fact that the plaintiff's complaint states the same counts of negligence against each defendant is not dispositive." *Beach* v. *Regional School District Number 13*, supra, 42 Conn. App. 550. The *Beach* court went on to state: "The special defenses each defendant filed are not dispositive of whether a unity of interest exists among the defendants." Id., 551. "The jury might determine that each party was negligent, but each in a *separate and distinct manner* . . . . The liability of each, therefore, could differ." (Emphasis in original.) Id., 550–51.

With respect to each surgical procedure, there are a number of allegations against the physicians involved. Many of the allegations with respect to each surgery involved claims that the physicians failed to remove "pieces of felt pledget or felt gauze from the plaintiff's body . . . when they knew or should have known of their presence," and a failure to keep "an accurate count of all pledgets and gauze used during the operation[s]." The physicians' interests may have become antagonistic with respect to who was responsible for counting and keeping track of these items in each surgery.

It is axiomatic that a plaintiff need not prove every single specification of negligence in a complaint where there are several allegations of negligence. If the plaintiff proves one specification of negligence and that it was a proximate cause of the injuries and damage, the plaintiff can recover. Because different physicians attended in different surgeries, their interests in the various specifications were not in unity. For example, a specification might be proven against one physician without proving that it was a proximate cause of the injuries, and another specification as against a different physician might be proven to be the proximate cause of the injuries.[4]

On the basis of our review of the entire record, we are persuaded that the court should not have limited the defendants to four peremptory challenges. This conclusion necessitates a new trial. We are aware that the two remaining defendants, Saint Francis and

---

[4] We are not concerned here with whether the defendants had antagonistic defenses. This is unlike *Beach* where the plaintiff claimed that the fact that the defendants shared an attorney meant that there was a unity of interest because otherwise the attorney would be violating rule 1.7 of the Rules of Professional Conduct, prohibiting conflicts of interest. The *Beach* court disposed of that claim by stating that the plaintiff had no standing to argue a violation of the rule and even where the parties did not have a unity of interest the rule would not necessarily be violated. *Beach* v. *Regional School District Number 13*, supra, 42 Conn. App. 551.

Greenwald, will have a unity of interest at the new trial so that only four peremptory challenges will be allowed. A new trial is necessary, however, because the use of the challenges at the original trial can never be reconstructed. If each physician had had four challenges, a wholly different jury panel might have been selected.

The plaintiff claims that because none of the accepted jurors was challenged for cause, there was no harm even if the court's ruling was improper in limiting the number of challenges. Harm is implicit in the circumstances here. The four defendants, limited to a total of four challenges, had to confer and agree on what to do and to exercise peremptory challenges sparingly. There may well have been prospective jurors who could not have been successfully challenged for cause, but who might have been excused by a party using a peremptory challenge. Such challenges, unless prohibited,[5] are precisely for the purpose of excusing prospective jurors when no cause can be stated.

## II

The defendants' next claim is that they should have been allowed to inquire into whether the plaintiff had been convicted not only of possession of narcotics, but possession of narcotics with intent to sell. Pursuant to the plaintiff's pretrial motion in limine to preclude any mention of his felony record, the court ruled that evidence would be allowed that the plaintiff had been convicted of "felonies relating to narcotics and controlled substances." We will address this issue because it is likely to arise in a new trial.

On direct examination of the plaintiff, his counsel elicited the fact that the plaintiff had been convicted of felonies related to "the possession of narcotics."

---

[5] *Batson* v. *Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986), and its progeny restrict peremptory challenges based on improper factors such as race and gender.

The defendants wanted to inquire as to the element of intention to sell, but the trial court precluded that inquiry.

"The trial court's ruling on the admissibility of evidence is entitled to great deference. *State* v. *Castonguay*, 218 Conn. 486, 497, 590 A.2d 901 (1991); *State* v. *Sharpe*, 195 Conn. 651, 659, 491 A.2d 345 (1985). [T]he trial court has broad discretion in ruling on the admissibility . . . of evidence. . . . The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . *State* v. *Coleman*, 241 Conn. 784, 789, 699 A.2d 91 (1997). Moreover, evidentiary rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial prejudice or injustice. *State* v. *Alvarez*, 216 Conn. 301, 306, 579 A.2d 515 (1990) . . . *State* v. *Beliveau*, 237 Conn. 576, 592, 678 A.2d 924 (1996); *State* v. *Colton*, 227 Conn. 231, 260, 630 A.2d 577 (1993), on appeal after remand, 234 Conn. 683, 663 A.2d 339 (1995), cert. denied, 516 U.S. 1140, 116 S. Ct. 972, 133 L. Ed. 2d 892 (1996)." (Internal quotation marks omitted.) *State* v. *Smith*, 49 Conn. App. 252, 257–58, 714 A.2d 1243, cert. denied, 247 Conn. 914, 722 A.2d 809 (1998).

Here, the trial court did not preclude all inquiry into the plaintiff's felony record. The court disallowed only the "intent to sell" aspect because the prejudice would outweigh the probative value of the evidence. " ' "The primary responsibility for conducting the prejudicial-probative balancing test rests with the trial court, and its conclusion will be disturbed only for a manifest abuse of discretion." ' " *State* v. *Wargo*, 53 Conn. App. 747, 761, 731 A.2d 768, cert. granted on other grounds, 250 Conn. 922, 738 A.2d 662 (1999). We cannot conclude

that such a balancing of prejudice and probative value was an abuse of discretion under the circumstances here.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.