## DELORES YAREMICH *v.* KEI LAM
### (AC 21488)

Foti, Bishop and West, Js.

Argued April 30—officially released August 20, 2002

*James E. Butler*, for the appellant (plaintiff).

*Andrew H. Sharp*, for the appellee (defendant).

*Opinion*

FOTI, J. The plaintiff in this negligence action, Delores Yaremich, appeals, challenging the trial court's denial of her motion to vacate the judgment rendered in favor of the defendant, Kei Lam. The plaintiff claims

that the court abused its discretion by denying her motion to vacate the judgment rendered on the findings of a court-mandated arbitrator. We affirm the judgment of the trial court.

The relevant facts and procedural history are as follows. The plaintiff and the defendant were involved in an automobile accident, which occurred on February 11, 1995, in Waterbury. The plaintiff allegedly suffered personal injuries as a result of the accident. The plaintiff commenced a negligence action against the defendant by complaint dated January 22, 1997. Pursuant to General Statutes § 52-549u and Practice Book § 23-61, the court referred the matter to the court-mandated arbitration program. Attorney John P. Santucci arbitrated the case on May 19, 2000. On May 26, 2000, Santucci, having found in favor of the defendant, filed his decision with the court. On the same day, the court mailed copies of that decision to both parties. On the basis of Santucci's findings, the court rendered judgment in the defendant's favor on July 6, 2000, and sent notice to both parties that same day.

The plaintiff filed a claim for a trial de novo on July 14, 2000. She claimed that her attorney had not received notice of Santucci's May 26, 2000 decision because the court mailed the decision to her attorney's former address. The plaintiff further claimed that she had no knowledge from any source that Santucci had reached a decision until she received the court's July 6, 2000 notice that it had rendered judgment in accordance with that decision. The record does not reflect that the court ruled on the plaintiff's claim for a trial de novo.

On July 24, 2000, the plaintiff filed a motion to vacate the court's judgment. She again argued that she was entitled to a trial de novo and that she should not be prejudiced in making such a claim by the fact that her attorney did not receive a copy of the arbitrator's

finding, thereby preventing her from challenging that finding within the time period set forth in the rules of practice. On August 15, 2000, the court denied the plaintiff's motion to vacate the judgment, noting: "[The former address] is the address of record of the attorney appearing for the plaintiff, no notice of new address appears in the court file. See Practice Book § 3-12."

On September 14, 2000, the plaintiff filed both a motion to reargue and a request for articulation, seeking clarification of the court's decision. On November 27, 2000, the court denied the motion to reargue; however, in response to the request for articulation, the court issued a new order restating its position that proper notice had been sent to the counsel's address of record and, therefore, no grounds existed for opening the judgment.[1]

The plaintiff now appeals challenging the court's refusal to vacate the judgment rendered on the arbitrator's decision. She argues that because she never received notice of the arbitrator's findings, she was unable to comply with the timing requirements of Practice Book § 23-66 (c).[2] Therefore, she posits, the court

---

[1] The order, dated November 27, 2000, stated: "The court has explained the reasons for finding that there are no cognizable grounds to vacate the judgment entered by Judge Holzberg after the expiration of the time to claim a trial de novo following the decision of the arbitrator. The proffered reason of failure to receive the arbitrator's ruling because counsel had moved to a new address cannot be a reason to open a judgment where counsel failed to supply the court with his new address as required by Practice Book § 3-12. Notice to the last known address of counsel of record is all that is required. The movant identified no cognizable grounds for excusing her from the deadline imposed by Practice Book § 23-66."

[2] Practice Book § 23-66 provides: "Claim for Trial De Novo in Arbitration; Judgment

"(a) A decision of the arbitrator shall become a judgment of the court if no claim for a trial de novo is filed in accordance with subsection (c).

"(b) A decision of the arbitrator shall become null and void if a claim for a trial de novo is filed in accordance with subsection (c).

"(c) A claim for a trial de novo must be filed with the court clerk within twenty days of the filing of the arbitrator's decision. Thirty days after the filing of a timely claim for a trial de novo the court may, in its discretion,

abused its discretion by not vacating the judgment and considering her claim for a trial de novo.

"The authority to open and vacate a judgment is within the inherent power of the trial courts. . . . A motion to open and vacate should be granted when the court, acting reasonably, finds good cause to do so." (Citation omitted.) *Paddock* v. *Paddock*, 22 Conn. App. 367, 372, 577 A.2d 1087 (1990). "Once the trial court has refused to open a judgment, the action of the court will not be disturbed on appeal unless it has acted unreasonably and in clear abuse of its discretion." (Internal quotation marks omitted.) *Steve Viglione Sheet Metal Co.* v. *Sakonchick*, 190 Conn. 707, 711, 462 A.2d 1037 (1983). Therefore, "[a]ppellate review of the denial of a motion to vacate a judgment or for a new trial is limited to a determination of whether the trial court abused its discretion." *State* v. *Rothenberg*, 195 Conn. 253, 264, 487 A.2d 545 (1985). "In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling." (Internal quotation marks omitted.) *Rivera* v. *St. Francis Hospital & Medical Center*, 55 Conn. App. 460, 463–64, 738 A.2d 1151 (1999).

The plaintiff does not dispute that her claim for a trial de novo was untimely. The arbitrator filed his decision with the court on May 26, 2000. The plaintiff filed her request for a trial de novo on July 14, 2000, clearly beyond the twenty days mandated by Practice Book § 23-66 (c). Further, judgment on the decision already had been rendered by the time the plaintiff filed her claim. The plaintiff claims, however, that her late filing

schedule the matter for a trial within thirty days thereafter. Only a party who appeared at the arbitration hearing may file a claim for a trial de novo. The decision of the arbitrator shall not be admissible in any proceeding resulting after a claim for a trial de novo pursuant to this section or from a setting aside of an award pursuant to General Statutes § 52-549aa."

was justified due to her lack of notice, and the court should have found that this lack of notice constituted good cause to vacate the judgment and considered her claim for a trial de novo.

In her motion to vacate the judgment, the plaintiff argued that, because notice of the arbitrator's decision was sent to her attorney's former address, she was unaware that time had begun to run in which to file a request for a trial de novo. She further asserted that she had no other knowledge of the arbitrator's decision until the court notified her that judgment had been rendered. Therefore, the plaintiff contended that due to her lack of notice, she was unfairly deprived of an opportunity to request a trial de novo and the court should therefore exercise its discretionary power and vacate the judgment.

In denying the motion to vacate the judgment, however, the court noted that it had sent notice of Santucci's decision to the address of record on file and that the clerk had not received notice of a change of address. The court cited Practice Book § 3-12, which, together with Practice Book § 2-26, contains the relevant rules of practice governing changes of address.[3]

---

[3] Practice Book § 3-12 (a) provides: "Whenever the appearance of a firm or professional corporation (hereinafter collectively referred to as "unit") has been entered upon the record of the court and there is a change in the name, composition or membership of such unit, it shall be the duty of such unit forthwith to notify, in writing, the director of court operations of the judicial branch, giving the name, mailing address and telephone number of the successor firm, professional corporation or individual who will continue the major portion of such unit's business. In court locations having access to the automated roll of attorneys, upon receipt of such notice the appearance of such successor will be automatically entered in lieu of the appearance of the former unit in all pending cases. In other court locations, unless such successor unit files a notice to the clerks pursuant to Section 2-26 or withdraws its appearance under the provisions of Section 3-10, the former unit's original appearance shall remain on file in each case in which it had been entered and the clerk may rely on the information contained therein for the purpose of giving notice to such unit regarding court activities involving the cases in which the unit remains active."

Practice Book § 2-26 provides: "An attorney shall send prompt written

Nonetheless, in none of her motions or supporting affidavits did the plaintiff or her counsel represent to the court that they had filed notice of a change of address in this case or had in fact complied with either Practice Book §§ 3-12 or 2-26. Likewise, the plaintiff did not explain why the fact that the court sent notice to her counsel's former address was not wholly the fault of the plaintiff or her counsel. She had ample opportunity to raise such defenses in both her motion to reargue and her request for articulation. Only now, on appeal, does the plaintiff argue that her attorney's firm had in fact complied with Practice Book § 3-12 by changing its address with the judicial information system on May 1, 1998. Despite the plaintiff's belief that this action should have been sufficient to change counsel's address in the present case, the plaintiff did not raise this argument to the trial court. "Our assessment of the reasonableness of the trial court's exercise of discretion is limited to a consideration of those factors on the record known to the court at the time it rendered a decision." (Internal quotation marks omitted.) *State* v. *Wegman*, 70 Conn. App. 171, 175, 798 A.2d 454 (2002).

Thus, reviewing only the facts and arguments before the court, we conclude that the court reasonably could have found that the plaintiff was responsible for her lack of notice and subsequent failure to make a timely request for a trial de novo. The failure of the plaintiff's counsel to comply with a rule of practice would certainly not provide a cognizable ground for the opening of a judgment. The court stated that notice had been sent to the plaintiff's attorney's address of record and this was "all that is required." No notice of an address change appeared in the court's file. The court's underly-

notice of a change in mailing and street address to the statewide grievance committee on a registration form approved by the statewide bar counsel and to the clerks of the courts where the attorney has entered an appearance."

ing rationale for its decision, namely, that it was the plaintiff's duty to change the address of record, was reasonable.

We need not decide whether the plaintiff's counsel had actually complied with Practice Book § 3-12 or whether compliance with § 3-12 alone was enough to ensure that his appearance in the underlying case would reflect his address change. Absent any argument before the trial court that the plaintiff's counsel had complied with Practice Book §§ 3-12 or 2-26, the court reasonably exercised its discretion in refusing to vacate the judgment. On the basis of the record, we cannot say that the trial court abused its discretion by denying the plaintiff's motion to vacate the judgment rendered pursuant to the court-mandated arbitrator's findings.

The judgment is affirmed.

In this opinion the other judges concurred.