**UNITED STATES of America**
**Plaintiff-Appellee,**

v.

**Pablo MAX, aka Richard Alik**
**Defendant-Appellant.**

**No. 85–1096.**

United States Court of Appeals,
Ninth Circuit.

Submitted [*] Dec. 9, 1985.

Decided Jan. 6, 1986.

---

[*] The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 3(f) and Fed.R.App.P. 34(a).

Louis M. Fischer, U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Michael R. Levine, Federal Public Defender, Honolulu, Hawaii, for defendant-appellant.

Before BROWNING, Chief Judge, TANG, Circuit Judge, and WILLIAMS **, District Judge.

PER CURIAM:

Appellant Pablo Max was arrested by federal agents upon arrival in Hawaii from Guam. Max was wanted in Guam by the Drug Enforcement Agency. An Assistant United States Attorney in Hawaii took Max before a magistrate, as required by Fed.R. Crim.P. 5, although the complaint against appellant had not yet been filed in Guam. The magistrate set bond, and continued the hearing to the next day. A complaint was filed in Guam after the close of business in Hawaii. The next morning the magistrate in Hawaii completed the Rule 5 proceedings and determined there was probable cause to hold Max to answer in the district court.

Max appealed to the district court from the magistrate's order and petitioned for a writ of mandamus, not on the ground that the complaint did not show probable cause, but on the ground that it had not been "filed forthwith" as required by Rule 5(a). The district court dismissed the appeal as moot and denied the application for a writ of mandamus. Max appealed to this court from the denial of a writ of mandamus.

[ ] A controversy may become moot even though the relief sought is a writ of mandamus. *See, e.g., Hall v. Beals,* 396 U.S. 45, 47, 50, 90 S.Ct. 200, 202, 24 L.Ed.2d 214 (1969) (per curiam); *Brockington v. Rhodes,* 396 U.S. 41, 43, 90 S.Ct. 206, 207, 24 L.Ed.2d 209 (1969) (per curiam). Max asserts the controversy is "capable of repetition, yet evading review," *Southern Pacific Terminal Co. v. I.C.C.,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911); *see also United States v. Brooklier,* 685 F.2d 1162, 1165 (9th Cir.1982); but this doctrine applies only when "the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." *City of Los Angeles v. Lyons,* 461 U.S. 95, 109, 103 S.Ct. 1660,

** The Honorable David W. Williams, District Judge for the Central District of California, sitting by designation.

1669, 75 L.Ed.2d 675 (1983) (citing *DeFunis v. Odegaard,* 416 U.S. 312, 319, 94 S.Ct. 1704, 1707, 40 L.Ed.2d 164 (1974)); *see also Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975). Max admits he can make no showing that he is likely to be subjected again to confinement without a Rule 5 hearing because the arresting agents are waiting for agents in another jurisdiction to file a complaint against him.

Max argues that other persons may be arrested in the future without a warrant for alleged offenses committed outside the District of Hawaii and may be taken before a magistrate although no complaint is then available for filing, but "the possibility that other persons may litigate a similar claim does not save th[e] case from mootness." *Lane v. Williams,* 455 U.S. 624, 634, 102 S.Ct. 1322, 1328, 71 L.Ed.2d 508 (1982).

APPEAL DISMISSED AS MOOT.