FLORENCE KRONDES ET AL. *v.*
WILLIAM O'BOY, SR., ET AL.
(AC 19292)

Schaller, Spear and Daly, Js.

Argued May 9, 2001—officially released May 21, 2002

*Irve J. Goldman,* for the appellants-appellees (named defendant et al.).

*Ridgely W. Brown,* for the appellees-appellants (plaintiffs).

### Opinion

SCHALLER, J. The defendants William O'Boy, Sr., and his wife, Carmela B. O'Boy, appeal, and the plaintiff Florence Krondes[1] cross appeals from the judgment of the trial court, rendered after a jury trial, awarding damages to the plaintiff. On appeal, the defendants[2] argue that the court improperly refused to set aside the verdict because the automatic stay pursuant to 11 U.S.C. § 362 voided any trial court action between the filing

---

[1] Florence Krondes also is a plaintiff in her capacity as executrix of the estate of James Krondes. We refer to her in this opinion, in both her individual capacity and in her capacity as executrix, as the plaintiff.

[2] The defendants are William O'Boy, Sr., Carmela B. O'Boy and William O'Boy, Jr. William O'Boy, Jr., is not a party to this appeal. We refer in this opinion to William O'Boy, Sr., and Carmela O'Boy as the defendants.

for bankruptcy and the bankruptcy discharge.[3] The dispositive issue on appeal is whether the stay operated to void actions taken by, and the judgment of, the trial court. We reverse the judgment of the trial court and remand the case for a new trial.

The following facts and procedural history provide the necessary background to the disposition of these appeals. On May 14, 1993, Florence Krondes received an award of $259,896 against William O'Boy, Sr., and William O'Boy, Jr., for breach of contract. See *Krondes* v. *O'Boy*, 37 Conn. App. 430, 656 A.2d 692 (1995). On December 15, 1993, the plaintiff filed a complaint seeking to set aside a fraudulent transfer by William O'Boy, Sr., to Carmela O'Boy of property at 10 First Street, Norwalk. William O'Boy, Sr., owned a one-half interest in the subject property until he transferred that interest to his wife by quitclaim deed dated December 5, 1990, for the consideration of "love and affection." The three

---

[3] The defendants also argue that the court improperly refused to set aside the verdict (2) because only the bankruptcy trustee had standing to pursue a fraudulent conveyance claim, (3) because the bankruptcy discharge precluded the plaintiff from continuing with the fraudulent conveyance action in that the plaintiff failed to obtain a prebankruptcy attachment or lien against the property conveyed, (4) because the jury awarded double recovery against Carmela O'Boy for participating in the conveyance by setting aside the conveyance of property to her by William O'Boy, Sr., and also awarding damages, (5) because the jury awarded damages against Carmela O'Boy, as transferee of a fraudulent conveyance, in excess of the value of the property, and the plaintiff did not adduce sufficient evidence to assess the property value, and (6) because the court improperly instructed the jury on consideration of "badges of fraud" and failed to instruct that Carmela O'Boy must have known of or participated in the fraud, and further that the plaintiff failed to present sufficient evidence of Carmela O'Boy's knowledge of or participation in the fraudulent conveyance.

On cross appeal, the plaintiff argues that the court improperly (1) limited damages to one half the value of the property, (2) set aside the award of punitive damages against the defendants and (3) dismissed the claim alleging a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. Because our conclusion as to the defendants' first claim is dispositive of this appeal, we do not address the remaining claims on the appeal and the cross appeal.

count complaint alleged fraudulent transfer, violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes 42-110a et seq., and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq.

On April 4, 1997, William O'Boy, Sr., voluntarily filed for relief under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 107 et seq., and filed a notice of stay with the Superior Court on April 7, 1997. The Bankruptcy Court granted William O'Boy, Sr., a discharge by notice dated June 12, 1998.[4] The defendants filed a motion in limine in state court to remove William O'Boy, Sr., as a party defendant, but the court denied the motion.

A number of events transpired between the bankruptcy filing and discharge. On June 30, 1997, the plaintiff issued a notice of deposition of Carmela O'Boy. On August 8, 1997, the plaintiff deposed Carmela O'Boy. The court scheduled pretrial conferences on December 2, 1997, trial for November 25, 1997, and a continuance of trial for June 15, 1998. The jury selection process also took place at that time, and the jury was sworn in on July 7, 1998. The record does not reflect precisely how many jurors were selected prior to William O'Boy, Sr.'s discharge in bankruptcy.

On July 10, 1998, the defendants filed a motion for a directed verdict on all counts. On July 14, 1998, the court denied the motion as to the fraudulent transfer claim, but granted the motion as to the CUTPA and

---

[4] The plaintiff refers to and provides in the appendix to her brief a letter dated September 25, 1998. The letter apparently notified the bankruptcy trustee, Alan D. Sibarium, of the state court proceedings, the lis pendens in effect on the disputed property, and the plaintiff's intent to proceed against Carmela O'Boy and the property in rem rather than against William O'Boy, Sr. The letter was sent after the verdict was returned in the present action and was not a basis for the court's denial of the motion to set aside the verdict.

RICO claims. The court did not issue a memorandum of decision on the motion, nor did the plaintiff file a motion for an articulation of the basis for the decision.

On July 14, 1998, the jury found that William O'Boy, Sr., had transferred his one-half interest in the real property at 10 First Street to Carmela O'Boy with intent to hinder, delay or defraud his creditors, including the plaintiff. The jury further found that William O'Boy, Sr., had conveyed the interest without substantial consideration. The jury also found that the plaintiff had established that William O'Boy, Sr., had conveyed his interest in the property with the intent to defraud the plaintiff. The jury awarded economic and punitive damages of $341,314.54 against Carmela O'Boy. The jury awarded no damages against William O'Boy, Sr.

The defendants filed motions to set aside the verdict and for judgment notwithstanding the verdict on the ground that there was insufficient proof that the property transfer rendered William O'Boy, Sr., insolvent and that there was insufficient evidence that Carmela O'Boy had the requisite intent to defraud when William O'Boy, Sr., conveyed the property. The defendants also filed motions for remittitur and to set aside the verdict as excessive, claiming that on April 14, 1997, William O'Boy, Sr., had filed for relief under chapter 7 of the United States Bankruptcy Code and filed a notice of stay dated April 4, 1997, with the Superior Court. William O'Boy, Sr., in the bankruptcy proceeding, had listed the plaintiff as a creditor and included a reference to the verdict against him that was rendered on May 14, 1993, and the Bankruptcy Court granted him a discharge under title 11 of the United States Code, § 727, on June 12, 1998. The trial court denied the motions on January 13, 1999. Additional facts will be set forth as necessary.

Our standard of review for a challenge to a denial of a motion to set aside a verdict is as follows. "The evidence

must be considered, along with reasonable inferences, in the light most favorable to the parties who were successful at trial with weight given to the judgments of the judge and jury. . . . The verdict will be set aside and judgment directed only if we find that the jury could not reasonably and legally have reached their conclusion. . . . A trial court may set aside or direct a verdict on a finding that the verdict is manifestly unjust because the jury, on the basis of the evidence presented, mistakenly applied a legal principle or because there is no evidence to which the legal principles of the case can be applied. . . . While we do not attempt to substitute our judgment for that of the trial judge, we must determine whether the jury award was such that the trial judge could have properly substituted his judgment for that of the jury. . . . To determine whether the trial court abused its legal discretion, this court must consider the entire record and all of the evidence." (Citations omitted; internal quotation marks omitted.) *Medcalf* v. *Washington Heights Condominium Assn., Inc.*, 57 Conn. App. 12, 15–16, 747 A.2d 532, cert. denied, 253 Conn. 923, 754 A.2d 797 (2000). "A trial court's ruling to set aside the verdict will not be overturned on appeal unless the trial court abused its discretion." (Internal quotation marks omitted.) *Tolbert* v. *Connecticut General Life Ins. Co.*, 58 Conn. App. 694, 698, 755 A.2d 293 (2000), aff'd, 257 Conn. 118, 778 A.2d 1 (2001). "In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Internal quotation marks omitted.) *Rivera* v. *St. Francis Hospital & Medical Center*, 55 Conn. App. 460, 463–64, 738 A.2d 1151 (1999). "[W]e do not . . . determine whether a conclusion different from the one reached could have been reached." (Inter-

nal quotation marks omitted.) *Davis* v. *Fracasso,* 59 Conn. App. 291, 295, 756 A.2d 325 (2000).

The defendants claim that the court improperly refused to set aside the verdict because a bankruptcy stay voided all trial court action between the filing for bankruptcy and the bankruptcy discharge, and those void actions rendered the jury verdict void as well. We agree.

"In general, we look to the federal courts for guidance in resolving issues of federal law." *Turner* v. *Frowein,* 253 Conn. 312, 340, 752 A.2d 955 (2000). "[T]he decisions of the federal circuit in which a state court is located are entitled to great weight in the interpretation of a federal statute." (Internal quotation marks omitted.) *Thomas* v. *West Haven,* 249 Conn. 385, 392, 734 A.2d 535 (1999).

The automatic stay provision in bankruptcy proceedings is governed by 11 U.S.C. § 362.[5] "Section 362 of the Bankruptcy Code stays any and all postpetition filing. Any filing constitutes a judicial act directed toward the disposition of the case in violation of the automatic stay. . . . The stay of section 362 is extremely broad in scope and . . . should apply to almost any type of formal or informal action against the debtor or the [debtor's] property . . . . 2 W. Collier, Collier on Bankruptcy (15th Ed. 1979) § 362.04." (Citation omitted; internal quotation marks omitted.)

[5] Title 11 of the United States Code, § 362 (a), provides in relevant part: "[A] petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of—

"(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

"(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title . . . ."

*Citicorp Mortgage, Inc.* v. *Mehta,* 39 Conn. App. 822, 830, 668 A.2d 729 (1995).

The question in this case is whether a fraudulent transfer action against Carmela O'Boy constitutes an action against the debtor, William O'Boy, Sr., or whether the action is, in fact, merely an action against a nondebtor spouse. Generally, the filing of a bankruptcy petition does not stay actions against nondebtors. *Burritt Interfinancial Bancorporation* v. *Wood,* 33 Conn. App. 401, 404, 635 A.2d 879 (1994). Nondebtors seeking protection of an automatic stay must move for the extension of the stay in the Bankruptcy Court. *Metro Bulletins Corp.* v. *Soboleski,* 30 Conn. App. 493, 497, 620 A.2d 1314, cert. granted on other grounds, 225 Conn. 923, 625 A.2d 823 (1993) (appeal withdrawn June 4, 1993). Carmela O'Boy did not file such a motion in the Bankruptcy Court. If she properly is characterized as a nondebtor, the automatic stay would not preclude actions against her. We conclude, however, that the action was not merely an action against a nondebtor.

The United States Court of Appeals for the Second Circuit has concluded that an action to recover property fraudulently transferred, as is the case with the property held by Carmela O'Boy, is an action "to recover a claim against the debtor"; *In re Colonial Realty Co.,* 980 F.2d 125, 131–32 (2d Cir. 1992); and, therefore, subject to the automatic stay. Id.; but see *In re Miller,* 262 B.R. 499, 505 (Bankr. 9th Cir. 2001) (discovery pursued against nondebtor permissible even when discovery produces evidence that may later be used against debtor). As such, a "third-party action to recover fraudulently transferred property is properly regarded as undertaken 'to recover a claim against the debtor' and subject to the automatic stay pursuant to § 362 (a) (1)." *In re Colonial Realty Co.,* supra, 131–32. Therefore, if the plaintiff opted to pursue the fraudulent transfer claim during the pendency of the bankruptcy proceeding, namely,

after William O'Boy, Sr., filed his bankruptcy petition, she was obligated to seek relief from the stay from the Bankruptcy Court. See 11 U.S.C. § 362 (d) through (g). That she did not do.

We note that ministerial acts undertaken in the course of a state judicial proceeding while an automatic stay is in effect do not violate the automatic stay. See *Rexnord Holdings, Inc.* v. *Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994); see also *In re Soares*, 107 F.3d 969, 973–74 (1st Cir. 1997); *In re Knightsbridge Development Co.*, 884 F.2d 145, 148 (4th Cir. 1989). However, "acts undertaken in the course of carrying out the core judicial function are not ministerial and, if essayed after bankruptcy filing, will be deemed to violate the automatic stay." *In re Soares*, supra, 974. See, e.g., *Citicorp Mortgage, Inc.* v. *Mehta*, supra, 39 Conn. App. 830 (filing motion for deficiency judgment violated automatic stay). The acts of which the defendants now complain, including the notice and deposition of Carmela O'Boy, the scheduling conference and jury selection, are undertaken in "the course of carrying out the core judicial function"; *In re Soares*, supra, 975; and thus do not constitute ministerial acts. Those actions violated the automatic stay imposed in William O'Boy, Sr.'s bankruptcy proceeding. Any "actions taken in violation of the stay are void and without effect." (Internal quotation marks omitted.) *In re Colonial Realty Co.*, supra, 980 F.2d 137.[6]

---

[6] We note that there is disagreement among the federal courts of appeal as to whether actions taken in violation of the automatic stay are "void" or "voidable." *In re Soares*, supra, 107 F.3d 976; *In re 48th Street Steakhouse, Inc.*, 835 F.2d 427, 431 (2d Cir. 1987) (actions in violation of stay void), cert. denied sub nom. *Rockefeller Group, Inc.* v. *48th Street Steakhouse, Inc.*, 485 U.S. 1035, 108 S. Ct. 1596, 99 L. Ed. 2d 910 (1988). That distinction is of little significance, as any power to validate the acts undertaken in violation of the stay are vested exclusively in the Bankruptcy Court. See 11 U.S.C. § 362 (d); *In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir. 1984) (Bankruptcy Courts' power to "annul" stay includes retroactive validation of acts in violation of stay).

We must consider the defendants' contention that "[b]ecause the jury's verdict in the fraudulent conveyance action was premised upon these legally ineffective acts, it is legally ineffective as well." We agree. See *Paine* v. *Sealy*, 956 S.W.2d 803 (Tex. App. 1997) (reversing summary judgment granted on ground that defendant did not answer requests for admissions submitted in violation of bankruptcy stay because requests were void).

The court acknowledged in its memorandum of decision that the actions taken during the automatic stay might be void and further concluded, citing *Pavliscak* v. *Bridgeport Hospital*, 48 Conn. App. 580, 590, 711 A.2d 747, cert. denied, 245 Conn. 911, 718 A.2d 17 (1998), that it may determine the impact, if any, that the void actions have on the trial and jury verdict in determining whether to set aside the verdict because " '[t]he decision to set aside the verdict entails the exercise of a broad legal discretion . . . .' " Although that is a correct partial statement of the standard a trial court employs in ruling on a motion to set aside a verdict, the court applied the standard improperly. The court abused its discretion in denying the motion to set aside the verdict because the court permitted acts taken in furtherance of its core judicial function, yet in violation of the stay, to affect the outcome of the trial.

As previously noted, four actions of the court occurred during the bankruptcy stay. Of those, two are particularly relevant to our discussion of the defendants' claim. First, the jury selection process began during the stay, and some jurors were selected prior to William O'Boy, Sr.'s bankruptcy discharge. That fact begs the question of how a juror whose selection was void can render a verdict. Second, and moreover, the plaintiffs used Carmela O'Boy's deposition, taken during the stay, to impeach her at trial. Clearly, her deposition testimony could have caused the jury to find her

testimony at trial not credible and, therefore, render a verdict against her.

The defendants especially take issue with the court's statement in its memorandum of decision, citing *Sciola* v. *Shernow*, 22 Conn. App. 351, 360, 577 A.2d 1081, cert. denied, 216 Conn. 815, 580 A.2d 60 (1990), that "[t]he court should not set aside the verdict unless it is sure that it has committed unmistakable error that has caused unquestionable harm." The defendants assert in their principal brief that by adopting that view, the court improperly ruled that the acts in violation of the stay merely were voidable at its option and that the ruling was "contrary to clear and unmistakable bankruptcy jurisprudence in the Second Circuit and the majority of jurisdictions elsewhere." We agree. If the acts in question properly are construed as having no legal effect, they could have had no efficacy at trial. Yet, the court concluded that it would determine the extent of its mistake and the harm to the defendants. Finding none, the court denied the motion. That result is contrary to reason, and the court's denial of the motion to set aside the verdict constitutes an abuse of discretion.

In this case, the verdict is manifestly unjust. The court permitted a trial to continue although acts taken in furtherance of its core judicial function were void in violation of the automatic stay, acts that clearly could have affected the outcome of the trial. We conclude that the court abused its discretion in denying the defendants' motion to set aside the verdict.

On the defendants' appeal, the judgment is reversed and the case is remanded for a new trial; the plaintiff's cross appeal is dismissed.

In this opinion the other judges concurred.