[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Bank One, N.A., as Trustee, has brought this action against the defendants, William H. Bevan and Elsa Kathryn Bevan, to foreclose a mortgage. The complaint alleges that the defendants executed a promissory note dated July 2, 1998 in the amount of $460,000, which was secured by a mortgage of their home at 55 Hillcrest Park Road, Old Greenwich. The plaintiff further alleges that the defendants were in default in the payment of the note as of September, 2001, and that the plaintiff, the current holder of the note, has exercised its option to accelerate the balance due.
In their answer, the defendants admit that they executed the promissory note and mortgage and that there had been a default in payment. Additionally, the defendants filed three special defenses. In their first special defense, the defendants allege that the plaintiff failed to properly exercise the acceleration clause by not giving proper and CT Page 10779 adequate written notice thereof and by failing to furnish proper information to enable the defendants to cure such default. In their second special defense, the defendants claim that under the terms of the note they had the right to reinstate the note at any time before judgment, but that the plaintiff refused to provide the defendants with the reinstatement and payoff amounts, thus violating the implied covenant of good faith and fair dealing. The defendants, in their third special defense, dispute the amount of the debt.
The plaintiff has moved for summary judgment (#113; sh. cal. 5/13/02; col. 5, pos. 48) as to liability only on the theory that there are no genuine issues as to any material fact and that it is entitled to judgment as a matter of law. Practice Book § 17-49. Attached to the motion is an affidavit from Kathy Milchak, an officer of the company that services the mortgage for the plaintiff. The affiant states that the defendants failed to make the mortgage payment due September 1, 2001; that the plaintiff advised the defendants on four separate occasions of the amount needed to reinstate; that the defendants made several subsequent payments but did not bring the mortgage up to date; that as of May 15, 2002, the plaintiff was owed $483,246, including principal of $448,031.23, plus interest, late charges, other related expenses, and a per diem of $102.49.
The defendants oppose summary judgment on the basis that the real nature of the plaintiff's motion for summary judgment is that of a motion to strike the defendants' three special defenses. The defendants contend that such a motion must not contain facts outside the record, a "speaking" motion to strike, but may only be used to determine whether, on their face, the special defenses are legally cognizable defenses to a foreclosure action. The defendants did not attach an affidavit to their opposition to the plaintiff's motion.
"[A] foreclosure action constitutes an equitable proceeding. . . . In an equitable proceeding, the trial court may examine all relevant factors to ensure that complete justice is done. . . . The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court. . . . Historically, defenses to a foreclosure action have been limited to payment, discharge, release or satisfaction . . . or, if there had never been a valid lien. . . . The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action . . . . A valid special defense at law to a foreclosure proceeding must be legally sufficient and address the making, validity or enforcement of the mortgage, the note or both. . . . Where the plaintiff's conduct is inequitable, a court may withhold foreclosure on equitable considerations CT Page 10780 and principles. Our courts have permitted several equitable defenses to a foreclosure action. [I]f the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had. . . . Other equitable defenses that our Supreme Court has recognized in foreclosure actions include unconscionability . . . abandonment of security . . . and usury." (Internal citations omitted; internal quotation marks omitted.) LaSalle National Bank v. FreshfieldMeadows, LLC, 69 Conn. App. 824, 833-34, 796 A.2d 625 (2002).
In the first special defense, the defendants seem to assert both that the plaintiff did not send them any written notice of the exercise of the acceleration clause and that the written notice they did receive was inadequate to enable them to cure the default and reinstate the mortgage. The note provides that if the defendants fail to make each monthly payment, they will be in default and that the holder of the note "may require [the defendants] to pay immediately the full amount of principal which has not been paid and all interest that [is] owed on that amount." The Milchak affidavit refers to four separate notices of intent to start foreclosure sent to the defendants, including on July 4, 2001, August 4, 2001, September 6, 2001, and letters to defendants' counsel on March 15, 2002 and April 16, 2002, regarding "reinstatement" of the mortgage note. In addition, the affiant represented that the plaintiff never received a request for payoff figures. The plaintiff has shown that there are no genuine issues of material fact regarding the first special defense.
The second special defense contends that there was a breach by the defendant of its obligation to exercise good faith and fair dealing because of a failure to provide reinstatement notices and payoff figures. Notice of acceleration is required by note and the mortgage deed, and, according to the Milchak affidavit, such notices were sent to the defendants on a number of occasions. Nonetheless, the defendants never offered payment sufficient for reinstatement. The mortgage deed also provides that the defendants have the right to reinstate the mortgage prior to the entry of a judgment, but reinstatement is conditioned upon payment in full of the amount owed, without acceleration, and this was not done by the defendants.
Moreover, this same defense of a lack of good faith and fair dealing was rejected in LaSalle National Bank v. Freshfield Meadows, LLC, supra,69 Conn. App. 824. "Special defenses and counterclaims alleging a breach of an implied covenant of good faith and fair dealing . . . are not equitable defenses to a mortgage foreclosure." (Internal citations omitted; internal quotation marks omitted.) Id., 835. The court also pointed out that the clear language of the note and mortgage in that case required the payment of monthly installments and the right of CT Page 10781 acceleration in case of a default. "Nothing in either document requires the plaintiff to renegotiate with the defendant or to accept less than the amount provided for in the mortgage." Id. This statement also applies to the present case. Thus, the plaintiff has adequately demonstrated that there are no genuine issues of material fact regarding the second special defense.
The third special defense claims that the figures provided by the plaintiff are not accurate, particularly with respect to the amount of escrow advances, but this present motion seeks summary judgment as to liability only. The exact amount of the debt will be decided at the foreclosure calendar.
The plaintiff has demonstrated that the three special defenses filed by the defendants in this action are not legally cognizable or sufficient and that there are no genuine issues of material fact regarding such defenses. Hence, the plaintiff is entitled to summary judgment as to liability. The defendants' contention that the plaintiff was using a speaking motion to strike the three special defenses is not persuasive because the Appellate Court authorized a motion for summary judgment inLaSalle National Bank v. Freshfield Meadows, LLC, supra, 69 Conn. App. 839, to rule on the validity of a number of special defenses filed in that case.
This present case should be claimed to the foreclosure short calendar to determine the type of foreclosure, exact amount of the debt and all the other necessary elements of a mortgage foreclosure judgment.
So Ordered.
Dated at Stamford, Connecticut, this 23rd day of August, 2002.