[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Florence Krondes, filed an amended and revised complaint dated October 15, 1995, in which she alleges that: "the defendant, William O'Boy's transfer of his one-half interest in the property to his wife, the defendant, Carmela O'Boy, was a fraudulent conveyance under the common law, as codified by Connecticut General Statutes Section 52-552," the Connecticut Uniform Fraudulent Transfer Act. The plaintiff's claim against William O'Boy, Sr. (O'Boy) is based on a judgment for breach of contract that she obtained against him on May 14, 1993, in the amount of $259,869, which judgment was affirmed in Krondes v. O'Boy,42 Conn. App. 904, 677 A.2d 993 (1996).
The plaintiff sought in that action to set aside an alleged fraudulent transfer by O'Boy, who is now deceased, to his wife, Carmela, of property at 10 First Street in Norwalk. O'Boy owned a one-half interest in the property before he transferred it to his wife, Carmela, by quitclaim deed in 1990 for consideration of "love and affection. "
On April 4, 1997, while the fraudulent conveyance action was pending, O'Boy voluntarily filed for relief under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 107 et seq. The Bankruptcy Court granted him a discharge by notice dated June 12, 1998. On July 10, 1998, the jury in this court found that O'Boy had transferred his one-half interest in the real property at 10 First Street to Carmela O'Boy with intent to hinder, delay or defraud his creditors, including the plaintiff. The jury further found that O'Boy had conveyed this interest without substantial consideration and that he had conveyed his interest in the property with the intent to defraud the plaintiff. The jury awarded economic and punitive damages of $341,314.54 against Carmela O'Boy, the transferee, but did not award any damages against O'Boy, the transferor.
The Appellate Court in Krondes v. O'Boy, 69 Conn. App. 802, 796 A.2d 625
(2002), remanded this case to the Superior Court, stating that: "The [trial] court permitted a trial to continue although acts taken in CT Page 2016 furtherance of its core judicial function were void in violation of the automatic stay, acts that clearly could have affected the outcome of the trial. We conclude that the court abused its discretion in denying the defendants' motion to set aside the verdict." Id., 812. The court held that the automatic stay pursuant to 11 U.S.C. § 362 voided any trial court action including the judgment occurring between the filing for bankruptcy and the bankruptcy discharge.
The case is currently pending in this court after remand. The defendants[1] have filed motion #200 seeking a summary judgment in their favor. The defendants contend that 11 U.S.C. § 524 discharges the liabilities of third-party transferees, not just the personal liability of the debtor. The defendants also claim that the plaintiff failed to obtain a pre-bankruptcy lien, an alleged prerequisite for pursuing a post-discharge fraudulent transfer cause of action against the transferee.
"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law." (Citation omitted; internal quotation marks omitted.) LaFlamme v. Dallessia, 261 Conn. 247, 250, 802 A.2d 63 (2002).
Effect of Discharge on Plaintiff's Cause of Action
Section 524 of the bankruptcy code provides the basic protections of the bankruptcy discharge and spells out what it means for a debt to be discharged.[2] Section 524(e) provides that the "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." "When Congress passed the comprehensive Bankruptcy Code in 1978, it replaced this provision — which listed three specific exemptions from discharge — with expansive language denying `any other entity' a discharge of the debt. It is hard to view this change as anything but a legislative mandate further to constrict the effect of a discharge." Kathy B.Enterprises v. United States, 779 F.2d 1413, 1415 (9th Cir. 1986).
Although there appears to be some split of authority in the Superior Court, this court agrees with J.P. Castagna, Inc. v. Castagna, Superior Court, judicial district of New London, Docket No. CV 92 0523960 (April CT Page 2017 7, 1995, Parker, J.) (14 Conn.L.Rptr. 56), which held that a fraudulent conveyance cause of action may proceed against the transferee even if the debtor has his debt discharged. In a case factually similar to the present action, John Castagna was indebted to the plaintiff and was a joint owner of a piece of property with his wife, Constance Castagna. John transferred all of his interest in the property to his wife. Thereafter, the plaintiff brought a cause of action naming both John and Constance as defendants. John subsequently filed a petition for bankruptcy and received a discharge order. The plaintiff filed a lis pendens in the town land records but did not obtain a prejudgment remedy. The action against John was withdrawn due to the bankruptcy discharge. Constance moved for summary judgment stating that because there was no valid lien against the property before the discharge, the cause of action for fraudulent conveyance should be set aside. Basing its decision primarily on Kathy B. Enterprises, Inc. v. United States, supra,779 F.2d 1415, and Dixon v. Bennett, 72 Md. App. 620, 637, 531 A.2d 1318,1320-21 (Md.App.Ct.) 1987, the court held that the bankruptcy discharge did not effect the plaintiff's ability to pursue an in personam action against the fraudulent transferee. The court denied the defendant's motion for summary judgment.
"To permit a bankrupt debtor to shield his assets by engaging in a fraudulent transfer would allow a windfall to the fraudulent transferees at the expense of the unprotected creditor. We cannot permit the debtor to do indirectly what the law forbids him to do directly." Dwyer v.Meramec Venture Associates, L.L.C., 75 S.W.3d 291, 294 (2002). This court agrees that a bankruptcy discharge does not affect a creditor's right of action against the transferee under Connecticut's Uniform Fraudulent Transfer Act. "[I]t has been repeatedly held that the discharge has no effect on the liability of a nondebtor codebtor or guarantor of the discharged debt. Similarly, the Court of Appeals for the Ninth Circuit has held that a creditor of the debtor may proceed after discharge against the recipient of a fraudulent transfer from the debtor." Collier on Bankruptcy ¶ 524.05.
In Dixon v. Bennett, supra, 72 Md. App. 637, the court analyzed a situation factually similar to this cause of action. "The discharge provision of the Bankruptcy Code, 11 U.S.C. § 524, consistent with fundamental bankruptcy policy, provides the debtor with a fresh start free from the burdens of preexisting liabilities. Under § 524, the discharge only (i) extinguishes personal liability of the debtor; and (ii) prevents creditors whose claims arose pre-bankruptcy from any actions to impose personal liability on the debtor . . . Under § 16 of the Bankruptcy Act of 1898 . . . the limitation of discharge provision restricted actions to those against co-debtors, guarantors, or other CT Page 2018 sureties. The language of § 524(e) of the 1978 Bankruptcy Code reveals a congressional intent to broaden the rights of creditors, by preserving their actions against third parties and their property, and to restrict the effect of a discharge solely to a release of the personal liability of the debtor."
Pre-bankruptcy Lien
The other issue presented by the defendants' motion for summary judgment is the alleged necessity of the creditor filing a pre-bankruptcy lien in order to pursue a post-discharge fraudulent transfer action. The plaintiff did file a lis pendens on the subject premises prior to O'Boy's filing of bankruptcy, but not a judgment lien or a prejudgment attachment. It is recognized that a lis pendens does not in and of itself create a perfected lien but, although there is a reference to pre-bankruptcy liens in Bank of New Haven v. Rinella, Superior Court, judicial district of New Haven, Docket No. CV 91-0310129 (February 24, 1994, Martin, J.) (11 Conn.L.Rptr. 128), the better reasoning and a later case, Castagna v. Castagna, supra, contains no such requirement. Moreover, the defendants were unable to point to any specific appellate authority in this state that sustains the defendants' position that a lien is a prerequisite to proceeding against the transferee in a subsequent fraudulent conveyance action. The defendants cited ShawmutBank v. Brooks Development Corp. , 46 Conn. App. 399, 413, 699 A.2d 283
(1997), but that case involves an escrow account and states that such an account "can survive the bankruptcy," and is not an authority for the proposition that one must have a lien on the subject premises in order to pursue a fraudulent transfer action.
Another reason for denying summary judgment is a procedural matter.[3]
Thus, the motion by the defendants for summary judgment is denied on both substantive grounds asserted by the plaintiff as well as the procedural one.
So Ordered.
Dated at Stamford, Connecticut, this 3rd day of February 2003.
William B. Lewis, Judge