******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ASTORIA FEDERAL MORTGAGE CORPORATION
*v.* GENESIS HOLDINGS, LLC, ET AL.
(AC 36590)

Beach, Alvord and Mullins, Js.

*Argued February 4—officially released August 4, 2015*

(Appeal from Superior Court, judicial district of Ansonia-Milford, Hon. John W. Moran, judge trial referee.)

*Jane I. Milas*, for the appellant (defendant Professional Services Group, Inc.).

*Frank B. Velardi, Jr.*, for the appellee (substitute plaintiff).

*Opinion*

BEACH, J. In October, 2009, this action was commenced by the named plaintiff, Astoria Federal Mortgage Corporation (bank), to foreclose a mortgage on property in Derby owned by the named defendant, Genesis Holdings, LLC (debtor). The defendant Professional Services Group, Inc., was named as an additional defendant because it claimed an interest in the property by virtue of a mechanic's lien recorded in the Derby land records.[1] During the pendency of the action, the bank assigned its interest in the property to Bellmore Partners, Inc., which was thereafter substituted as the plaintiff in this matter.[2] On July 19, 2010, the debtor filed a chapter 11 bankruptcy petition, which automatically stayed the foreclosure action. See 11 U.S.C. § 362. On April 12, 2012, the United States Bankruptcy Court for the District of Connecticut entered an order granting relief from the automatic stay for the "limited purpose of determining the extent, validity and priority" of the defendant's mechanic's lien. On June 10, 2013, the plaintiff filed a motion for summary judgment against the defendant, which was granted by the court on February 4, 2014.

On appeal, the defendant claims that the court improperly rendered summary judgment in favor of the plaintiff because (1) a genuine issue of material fact exists with respect to the validity of the defendant's mechanic's lien, and (2) the court improperly concluded that the defendant's opportunity to foreclose its mechanic's lien had expired.[3] The plaintiff claims, as an alternative ground for affirmance of the court's judgment, that the defendant's claims are barred by the doctrine of collateral estoppel. We conclude that the court erroneously exceeded the terms of the order granting relief from the stay as ordered by the Bankruptcy Court. We also conclude that the defendant was not collaterally estopped from raising its claims before the trial court. Accordingly, we reverse the judgment of the trial court.

The following procedural history and undisputed facts, as provided in the pleadings and the evidence submitted by the parties in conjunction with the plaintiff's motion for summary judgment and the defendant's opposition thereto, are relevant to the disposition of the defendant's appeal. On November 4, 2005, the debtor executed an open-end mortgage in favor of the bank on commercial property in Derby to secure the payment of a promissory note in the principal amount of $360,000. The bank instituted the present foreclosure action in October, 2009, against the debtor, alleging nonpayment of the debt. The defendant's mechanic's lien, in the principal amount of $315,000, was recorded in the Derby land records on September 8, 2009. The complaint alleged that the defendant's interest was subordinate in right to the interest of the bank.

On December 28, 2009, the defendant filed a disclosure of defense, stating that its mechanic's lien was a claim prior in right to that of the bank. The defendant filed its answer and a special defense on January 7, 2010. In its special defense, the defendant similarly alleged that its lien was a claim prior in right to that of the bank. On July 19, 2010, the debtor filed a chapter 11 bankruptcy petition. On September 29, 2010, the bank assigned its interest in the subject note, mortgage and related loan documents to the plaintiff. On May 14, 2012, Bellmore Partners, Inc., was substituted as the plaintiff in the foreclosure action. See footnote 2 of this opinion.

The foreclosure action was automatically stayed by the filing of the bankruptcy petition.[4] In its petition, the debtor listed several creditors, including the plaintiff and the defendant. The only asset of the bankruptcy estate was the Derby property and its rental income. On February 13, 2012, the plaintiff moved for relief from the automatic stay. The next day, Lawyers Title Insurance Company (company), claiming to be a party in interest by virtue of a title policy it had issued insuring the priority of the plaintiff's mortgage, filed a request for a status conference to obtain guidance from the Bankruptcy Court regarding the disputed priority of the defendant's mechanic's lien over the plaintiff's mortgage. In its request, the company asserted that the defendant had not filed a proof of claim, and, therefore, there was "confusion" as to whether an adversary proceeding could be scheduled to determine "the validity, priority, or extent of a lien or other interest in [the] property."[5] (Internal quotation marks omitted.) A status conference was held on February 22, 2012, at which time the Bankruptcy Court scheduled a hearing for March 20, 2012, to consider the plaintiff's motion for relief from the automatic stay.

On April 12, 2012, the Bankruptcy Court, Shiff, J., issued an "Order Regarding Limited Relief from the Automatic Stay" (order). In that order, Judge Shiff stated that "the parties [have] requested limited relief . . . to allow the parties to move forward with proceedings in Connecticut Superior Court as to the extent, validity and priority of the [defendant's] mechanic's lien" and that "cause exist[ed] to grant limited relief from stay as requested by the parties . . . ." Judge Shiff entered the following order: "[R]elief from the automatic stay is granted, for cause, pursuant to 11 U.S.C. § 362 (d) (1), to allow the parties to move forward with proceedings in Connecticut Superior Court for the limited purpose of determining the extent, validity and priority of the [defendant's] Mechanic's Lien . . . ." Judge Shiff further ordered that "relief from the automatic stay is also granted to allow the parties to proceed in Connecticut State Court with any appeals from any decision of the Connecticut Superior Court as to the

extent, validity and priority of the Mechanic's Lien
. . . . ."

The plaintiff then served interrogatories and requests for production, dated June 27, 2012, on the defendant. On June 10, 2013, the plaintiff filed a motion for summary judgment, claiming that the defendant's mechanic's lien had been extinguished as a matter of law because the defendant did not commence an action to foreclose that lien within thirty days of the April 12, 2012 Bankruptcy Court order granting limited relief from the automatic stay. Referring to 11 U.S.C. § 108 (c),[6] the plaintiff argued that the defendant failed to comply with the time limitation set forth in that provision, thereby resulting in the expiration of the mechanic's lien. In its memorandum of law filed in support of its motion for summary judgment, the plaintiff made the additional argument that the defendant's claims were barred by the doctrine of collateral estoppel: "On September 20, 2012, in the companion case [of] *Bellmore Partners, LLC* v. *Genesis Ltd. Partnership & Professional Services Group, Inc.*, Superior Court, judicial district of Ansonia-Milford, Docket No, CV-09-6001340S, Judge Moran[7] ruled that the defendant's lien, also recorded on September 8, 2009, was extinguished due to the defendant's failure to commence a foreclosure action on its lien within thirty days of the lifting of the bankruptcy stay on April 12, 2012."

The defendant filed an objection to the plaintiff's motion for summary judgment on June 27, 2013, with accompanying exhibits that included an affidavit by Nicole Liguori Micklich, the defendant's attorney in the bankruptcy proceeding. In its objection, the defendant argued that the order of the Bankruptcy Court granted *limited* relief from the stay, and that it did not *terminate* the stay to allow the defendant to commence an action to foreclose its mechanic's lien. The defendant further argued that the doctrine of collateral estoppel did not apply because the alleged "companion case" addressed "a different mechanic's lien, different mortgages, and different property."[8] The defendant also stated that the decision in the other case did "not make any ruling with respect to the arguments advanced by [the plaintiff] in its present motion for summary judgment."

Micklich, in her affidavit, averred that the debtor's counsel had contacted her on March 20, 2012, to inform her that the Bankruptcy Court had inquired if the "parties would stipulate that any question regarding the priority of the Mechanic's Lien should be resolved by the Connecticut State Court and not by the Bankruptcy Court." Micklich also averred that after she conferred with the defendant, she spoke again with the debtor's counsel and told him that the defendant "would stipulate that the State Court could determine the limited issue of priority of the Mechanic's Lien, as long as the parties agreed that no party would seek an order of the

State Court distributing the property of the [bankruptcy] estate and that no party would seek to confirm the [chapter 11] plan until after the State Court ruled on the priority."

The trial court held a hearing on the plaintiff's motion for summary judgment on November 4, 2013, and counsel for the parties presented their arguments. On January 13, 2014, the trial court held a "status conference" on the record, explaining that it had additional questions regarding the matter. When the plaintiff's counsel repeated his argument that the defendant's claims previously were determined in the alleged "companion case," the court responded: "It's not a companion case. It's merely stare decisis. It's [as] if you're citing another case to support your contention."

The conference proceeded and, during the discussion as to the meaning of the Bankruptcy Court order, the defendant's counsel provided her interpretation and claimed that the order allowed the parties to participate in an evidentiary hearing with respect to the mechanic's lien: "Was it filed; was it served; is the amount correct? All of those issues that go to the validity of a lien. That is what would have gone on in the adversary proceedings." According to the defendant's counsel: "The argument is that the motion for relief from stay was for the purpose of having the equivalent of the adversary hearing, i.e., the evidentiary hearing in state court rather than in Bankruptcy Court . . . ." The defendant's counsel claimed that after the evidentiary hearing in state court, the matter would "[go] back to Bankruptcy Court for further proceedings under the plan with respect to this mechanic's lien [that] now has been established as being for X amount, X date, and then the planned confirmation continues."

After confirming that the Derby property was the only asset of the debtor in the bankruptcy estate, the trial court asked: "How long would it take to get a clarification from Judge Shiff regarding his order?" Following counsel's response to that question, the court stated to the defendant's counsel: "If you'd like to file a motion with Judge Shiff clarifying his order . . . I'll give you two weeks to do so. Otherwise, I'll make a ruling." In concluding the hearing, the court advised that if the defendant's counsel did not file a motion for clarification in the Bankruptcy Court within two weeks, it would render judgment granting the plaintiff's motion for summary judgment.

On February 3, 2014, no motion for clarification having been filed in the Bankruptcy Court, the trial court issued the following memorandum of decision: "The plaintiff's, Bellmore Partners, Inc., Motion for Summary Judgment is granted. There is no genuine issue of fact. It is unequivocal and unopposed that the defendant's, Professional Services Group, Inc., opportunity to foreclose on its mechanic's lien has long since expired."

This appeal followed.[9]

"Our review of the trial court's decision to render summary judgment is plenary, and in accordance with the standards set forth in Practice Book § 17-49."[10] *Ventres* v. *Goodspeed Airport, LLC*, 301 Conn. 194, 205, 21 A.3d 709 (2011). "[T]he applicability of . . . collateral estoppel presents a question of law over which we employ plenary review." *Weiss* v. *Weiss*, 297 Conn. 446, 458, 998 A.2d 766 (2010).

We first address the plaintiff's alternative ground for affirmance of the court's judgment because the doctrine of collateral estoppel, if applicable, would bar the defendant's claims. "Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a *prior action between the same parties* upon a different claim. . . . Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated *between the same parties* in any future lawsuit. . . . Issue preclusion arises when an issue is actually litigated and determined by a valid and final judgment, and that determination is essential to the judgment." (Emphasis added; internal quotation marks omitted.) *Massey* v. *Branford*, 119 Conn. App. 453, 465, 988 A.2d 370, cert. denied, 295 Conn. 921, 991 A.2d 565 (2010).

The trial court properly concluded that the doctrine of collateral estoppel was not applicable in the present case. The prior action involved a different debtor, different property, and different encumbrances. Moreover, the court in the prior case never directly addressed the issues raised in this case concerning the scope of the relief from stay granted by the Bankruptcy Court. Accordingly, the plaintiff's claim fails.

We next address the defendant's claim that the court improperly rendered summary judgment. Central to this appeal are the scope and the trial court's interpretation of the April 12, 2012 Bankruptcy Court order, which expressly granted "limited relief . . . ." The automatic stay is comprehensive and generally prohibits any action taken to advance the proceedings in the underlying case subject to the stay. Section 362 (a) of title 11 of the United States Code provides in relevant part that the filing of a bankruptcy petition with the Bankruptcy Court "operates as a stay, applicable to all entities, of— (1) the commencement . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy case], or to recover a claim against the debtor that arose before the commencement of the [bankruptcy case] . . . (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the

[bankruptcy case] . . . ." "The automatic stay provision in . . . § 362 . . . stays any and all postpetition filing. Any filing constitutes a judicial act directed toward the disposition of the case in violation of the automatic stay. . . . The stay of section 362 is extremely broad in scope and . . . should apply to almost any type of formal or informal action against the debtor or the [debtor's] property . . . ." (Internal quotation marks omitted.) *Krondes* v. *O'Boy*, 69 Conn. App. 802, 808, 796 A.2d 625 (2002).

"The Bankruptcy Court has the power to grant relief from the automatic stay. See 11 U.S.C. § 362 (d) through (g)." *Equity One, Inc.* v. *Shivers*, 150 Conn. App. 745, 751, 93 A.3d 1167 (2014). "The Bankruptcy Court . . . is authorized to grant a creditor relief from the stay for cause by terminating, annulling, modifying, or conditioning the stay. . . . The terms of an order modifying an automatic stay must be strictly construed because a stay under § 362 [of the Bankruptcy Code] freezes in place all proceedings against the debtor and his property. . . . [B]ecause a section 362 stay freezes in place all proceedings against the debtor, and because only an order of the bankruptcy court can authorize any further progress in the stayed proceedings, it follows that the continuation of any proceeding can derive legitimacy only from the bankruptcy court order. The terms of an order modifying the automatic stay must therefore be strictly construed." (Citation omitted; internal quotation marks omitted.) *New Milford Savings Bank* v. *Jajer*, 52 Conn. App. 69, 74, 726 A.2d 604 (1999).

The order of the Bankruptcy Court was clear and unambiguous:[11] "[R]elief from the automatic stay is granted, for cause . . . to allow the parties to move forward with proceedings in Connecticut Superior Court *for the limited purpose of determining the extent, validity and priority*" of the defendant's claimed mechanic's lien. (Emphasis added.) As noted previously, orders releasing cases, wholly or partially, from bankruptcy proceedings are to be construed narrowly, and there was no permission to allow any party to foreclose its security interest. The order clearly contemplated the Superior Court's deciding only the specifically referred issues; further disposition was to occur in the Bankruptcy Court. Because no party, nor the court, had the authority to proceed with foreclosure in these circumstances, the defendant could not lawfully have proceeded to foreclose its lien in any event. Because the court could not proceed with foreclosure at all, the time limitations provided in 11 U.S.C. § 108 (c) were inapplicable. We conclude, on the basis of our plenary review of the proceedings, that the court erroneously rendered summary judgment in favor of the plaintiff.

The judgment is reversed and the case is remanded with direction to deny the motion for summary judg-

ment and for further proceedings to determine the extent, validity and priority of the mechanic's lien.

In this opinion MULLINS, J., concurred.

[1] The named defendant, Genesis Holdings, LLC, is not a party to this appeal. We therefore refer to Professional Services Group, Inc., as the defendant in this opinion.

[2] The court granted the bank's motion to substitute Bellmore Partners, Inc., as the plaintiff in the foreclosure action on May 14, 2012. We therefore refer in this opinion to Bellmore Partners, Inc., as the plaintiff.

[3] Because these two claims are interrelated, we address them together in this opinion.

[4] See 11 U.S.C. § 362 (a).

[5] Rule 7001 of the Federal Rules of Bankruptcy Procedure provides in relevant part: "An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings . . . (2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property . . . ."

[6] Section 108 (c) of title 11 of the United States Code provides: "Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of— (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim."

According to the plaintiff, the applicable nonbankruptcy law in this matter was General Statutes § 49-39. Section 49-39 provides in relevant part: "A mechanic's lien shall not continue in force for a longer period than one year after the lien has been perfected, unless the party claiming the lien commences an action to foreclose it, by complaint, cross-complaint or counterclaim, and records a notice of lis pendens in evidence thereof on the land records of the town in which the lien is recorded within one year from the date the lien was recorded . . . . Each such lien, after the expiration of the one-year period . . . without action commenced and notice thereof filed as aforesaid, shall be invalid and discharged as a matter of law. . . ."

It is undisputed that the defendant's mechanic's lien was recorded in the Derby land records on September 8, 2009. The debtor filed its bankruptcy petition on July 19, 2010, which was before the expiration of the one year period required for the defendant to commence an action to foreclose the lien. At that point, the defendant could not commence a foreclosure action because of the automatic stay provisions of the Bankruptcy Code. The plaintiff argued that the April 12, 2012 order of the Bankruptcy Court granted relief from that stay and that the defendant had to commence its foreclosure action within thirty days of that order, i.e., on or before May 12, 2012. The defendant argues that 11 U.S.C. § 108 (c) is not applicable because the stay was not *terminated*.

It is undisputed that the defendant did not bring an independent action to foreclose its mechanic's lien, file a motion to determine the priority of its lien or ask the Bankruptcy Court for clarification of its order within that thirty day period or at any relevant time thereafter.

[7] Judge Moran was the presiding judge in the present action.

[8] During oral argument before the trial court, the plaintiff's counsel acknowledged that the debtor in the prior action was Genesis Limited Partnership, whereas the debtor in the present action is a different entity, Genesis Holdings, LLC.

[9] The trial court's ruling did not dispose of the foreclosure action. Nevertheless, the trial court, in determining that the defendant's mechanic's lien was extinguished, fully disposed of all claims involving that defendant. Under Practice Book § 61-3, a judgment that disposes of all causes of action brought by or against a particular party is an appealable final judgment.

[10] Practice Book § 17-49 provides: "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

[11] Any language purporting to authorize action in the state court and

foreclosure case would have to be clear and unambiguous in order to be effective.